BROWN, J., dissenting.
Plaintiff alleges that on 10 December, 1903, the defendant J. H. Tucker was, and for a long time prior thereto had been, a duly licensed attorney at law, residing and practicing his said profession at Asheville, N.C.; that on the beforementioned date the defendants C. H. Rexford and W. A. Rexford were capitalists, trading and (419) seeking investments in mineral and timber lands in North Carolina and other States, as the plaintiff is informed and believes; that on and before 10 December, 1903, the plaintiff controlled by options certain kaolin properties in Swain County, N.C.; that on or about 10 December, 1903, the plaintiff and the defendants entered into a contract between themselves, by which the plaintiff was to undertake to purchase said properties and certain other koalin properties which the parties deemed necessary to complete the mining boundary which they desire to control, and that so soon as the plaintiff secured the necessary deeds and contracts for the purchase of said properties the defendant J. H. Tucker should investigate the title to all said properties and should do and perform all other legal services necessary in the premises, and that upon the approval of the titles to said properties by the said Tucker, the said defendants C. H. Rexford and W. A. Rexford should furnish and pay all such sums of money as might be required to complete the purchase of said properties, and that thereupon the titles to all said properties should be vested in the plaintiff, who should hold the same for the use, profit, and advantage of all said parties in equal shares *Page 306 
— that is to say, one-fourth for each of said parties. Thereupon the said defendant J. H. Tucker prepared a brief and informal written memorandum of said contract, which was duly executed by the plaintiff, and which was then and there delivered to and retained by said Tucker, and which, as the plaintiff is informed and believes, is still in the possession or under the control of the said Tucker or his codefendants. The plaintiff was not furnished with and did not retain a copy of said memorandum of contract, but on or about the ___ day of ________, 1907, said Tucker furnished the plaintiff what purported to be a copy of said memorandum of contract, and which the plaintiff, upon the information so furnished him by the said Tucker, alleges (420) to be a substantially correct copy of said memorandum of contract, and which is, in words and figures, as follows: "It is agreed that S. P. Davis shall act as agent of C. H. Rexford, J. H. Tucker, W. A. Rexford, and himself in the purchase and option of kaolin properties on Larkey Creek and between that and the Tuckaseigee River, in Swain County. The said Rexfords agree to furnish the money necessary to buy all the said property necessary to complete the mining boundary, and, when the same is completed, the said Davis shall execute a deed in fee simple, as follows: One fourth to C. H. Rexford, one-fourth to W. A. Rexford, one-fourth to J. H. Tucker, and one-fourth to himself. This 10 December, 1903. S. P. Davis. (Seal)"
That very shortly after the making of the contract set out in the preceding paragraph hereof, towit, on or about the ____ day of December, 1903, and pending the completion of the purchase of said kaolin property, the scope of said contract was, by mutual parol agreement of all said parties, enlarged and extended so as to include the purchase of timber lands in the western part of North Carolina and the northern part of Georgia, at the then prevailing prices of such lands, approximately to the amount or area of not less than 25,000 acres, and as much more than said amount or area as the plaintiff might be able to secure at the prices aforesaid; and with the further provision that the said C. H. Rexford and W. A. Rexford, in addition to paying all the purchase price of said lands, should advance and pay all expenses proper and necessary to be incurred by the plaintiff in and about the option and purchase of said lands, including monthly payments to the plaintiff of $100 for the support of himself and family while he was engaged in said work, and that all amounts so advanced and paid by them should be added to and deemed a part of the purchase price of said lands; and that, in consideration of such advancements and of the enlarged scope of the enterprise, the said C. H. Rexford and W. A. Rexford should be entitled to be reimbursed from the proceeds of the sale of such (421) timber lands or of the timber on said lands all moneys advanced *Page 307 
by them for expenses, as aforesaid, and for the purchase money of said lands, and that the profits arising from the purchase of said timber lands, whether by resale of such lands or by marketing the timber thereon, should be divided in the proportions named in said contract, to wit, one-fourth to each of said parties; so that the contract between the plaintiff and the defendants, after the same was amended as aforesaid, was in substance as follows, towit: That the plaintiff should act for C. H. Rexford, J. H. Tucker, W. A. Rexford, and himself in exercising the options and purchasing the kaolin properties on Larkey Creek and between that and Tuckaseigee River, in Swain County, and in securing options on and purchasing timber lands in the western part of North Carolina and the northern part of Georgia, to the amount or area of not less than 25,000 acres, and as much more than said amount as he might be able to secure at the then prevailing prices for such lands, approximately; that the said J. H. Tucker should examine the titles and do all necessary legal work in connection with the purchase and conveyance of said kaolin properties and timber lands; that the defendants C. H. Rexford and W. A. Rexford should pay all the purchase price of said kaolin properties and should advance and pay all expenses proper and necessary to be incurred by the plaintiff in securing options on and purchasing said timber lands, including $100 a month for the support of the plaintiff and his family while the plaintiff was so engaged, and should further pay all the purchase price of said timber lands; that the titles to said kaolin properties should be taken in the name of the plaintiff, and should be by him conveyed to said parties in fee simple, as follows: one-fourth to C. H. Rexford, one-fourth to W. A. Rexford, one fourth to J. H. Tucker, and one-fourth to himself; that the title to all said timber lands should be taken in the name of the plaintiff, and he should hold the same for the joint account, benefit and profit of all the parties, and that the same should be (422) held for a reasonable time, and thereafter realized upon to the best advantage of all parties in interest, either by a resale or by marketing the timber on said lands, as the parties might deem most advantageous; and, after reimbursing the said C. H. Rexford and W. A. Rexford for all moneys advanced by them for expenses, as aforesaid, and for the purchase price of said lands, the balance remaining, whether in lands or timber, or in the proceeds thereof, should belong to said parties, as follows: one-fourth to C. H. Rexford, one-fourth to W. A. Rexford, one-fourth to J. H. Tucker, and one-fourth to the plaintiff; that the contract set out in the fourth paragraph hereof was superseded by and merged into the amended contract set out in this paragraph; that immediately after the making of the contract set out in the fourth paragraph of this complaint, towit, on or about 10 December, 1903, and *Page 308 
acting under said contract and in full compliance therewith, the plaintiff secured deeds in his own name to all said kaolin properties; that the said deeds were delivered to the plaintiff in advance of the payment of the purchase money for the properties conveyed thereby; that immediately following the making of the amended contract set out in the second paragraph hereof, towit, on or about ___ December, 1903, and upon the faith thereof, the plaintiff gave up his said position and regular and permanent employment as a traveling salesman for Slayden, Fakes Co., and devoted his entire time and attention faithfully and industriously to the discharge of the duties devolving upon him by said contract, and continued so to do for the period of five months, or thereabouts, and until he was prevented from the further performance of said contract by the breach thereof by said defendants, as hereinafter alleged; that, acting under said contract and in full compliance therewith, the plaintiff secured options and contracts for the purchase of such timber lands to an amount or area in excess of 25,000 acres, to wit, 26,022 acres or thereabouts, as nearly as the plaintiff can (423) ascertain the same, at prices not exceeding the then prevailing prices of such lands, and was successfully prosecuting the work of securing other such lands to a large amount and area, and was faithfully, fully, and in all respects carrying out and performing his part of said contract, when he was compelled to discontinue work thereunder and to abandon further performance of said contract by the breach thereof by the defendants, as hereinafter alleged; that the defendants, and each and every of them, failed and refused to carry out and perform said contract, and on or about ____ May, 1904, the defendant W. A. Rexford notified the plaintiff to discontinue work under said contract, and that defendants had abandoned and would not further comply with said contract; and the plaintiff believes, upon information received by him since the filing of the complaint in the former action between the same parties, hereinafter referred to, and avers the fact to be, that in the giving of said notice to the plaintiff said W. A. Rexford was acting for and on the behalf of all the defendants, and with the full knowledge, acquiescence, and approval of his codefendants, J. H. Tucker and C. H. Rexford.
Plaintiff set out a second cause of action, which it is not necessary to set forth herein. Defendant J. H. Tucker filed a demurrer. Defendants C. H. and W. A. Rexford filed a petition for the removal of the cause into the Federal court, upon the ground of diverse citizenship. The petition complies with the statute. It is conceded that defendant J. H. Tucker is a resident of this State and that petitioners are nonresidents. The petition alleges that if any cause of action is set out against defendant Tucker, it is separable from that set out against petitioners. The *Page 309 
petition further alleges that the defendant Tucker is fraudulently joined as party defendant, for the sole purpose of defeating petitioners' right to remove the case into the Federal court. Plaintiff filed an answer to the petition. His Honor, Judge Guion, ordered that the cause be removed in accordance with the prayer of the petitioner. Plaintiff excepted and appealed. (424)
After stating the case: It is well settled by uniform decisions that the motion for removal is to be decided upon the pleadings and record as they are when the petition is filed. Does the complaint disclose a removable cause of action? Tobacco Co. v. Tobacco Co., 144 N.C. 352, and cases cited. The only question, therefore, open to us is whether the plaintiff has in his complaint stated a cause of action against the resident and nonresident defendants disclosing a joint liability. That he may have sued them separately is not material in disposing of the petition for removal. Plaintiff is entitled to pursue his remedy in his own way, provided he does so in accordance with the rules of pleading and practice. That defendants have separate defenses does not affect the right of the plaintiff to sue them jointly, if he has a cause of action against them in which they may properly be joined. The complaint sets forth a joint agreement on the part of defendants to further a common purpose to the accomplishment of a common end. The defendants Rexford agreed to furnish the money; defendant Tucker was to investigate and pass upon titles, and plaintiff was to give his time and service in purchasing the properties, and these mutual contributions to the scheme, or venture, were to result in the common and equal benefit and profit of the parties to it. The promises were mutual, each constituting a consideration for the other. This being true, the cause of action is stated: "That the defendants and each and every of them failed and refused to carry out and perform said contract, and on or about ____ May, 1904, the defendant W. A. Rexford notified plaintiff to discontinue work under said contract, and that defendants had abandoned and would not further comply with said contract." This (425) is a clear allegation of a breach of the joint contract by all of the defendants. It is true that the plaintiff, it would seem unnecessarily, specifies that the petitioning defendants did certain acts, etc., and that defendant Tucker "was particeps in said last mentioned
breach by having sanctioned, approved, and actively aided in said breach." We are not quite sure that we correctly understand this portion of the complaint. If it is correctly construed by defendants' counsel, we concur with him that the defendants cannot be joined. It would seem that the *Page 310 
plaintiff seeks to charge defendants Rexford with breaking their contract, and defendant Tucker with actively aiding them in doing so. It is clear that these causes of action are in every respect separate and distinct One is for breach of contract, the other for a tort. However this may be, eliminating this portion of the complaint, there is left a cause of action against all the defendants for a joint breach of the contract. The authorities are cited in Hough v. R. R., 144 N.C. 692, and Tobacco Co. v.Tobacco Co., supra. The suggestion that the contract set out is void by reason of the statute of frauds is not open to defendants on the motion for removal. We do not understand that his Honor passed upon the allegation of fraudulent joinder of the defendant to prevent the removal, nor do we do so. As we construe the decisions, this is a matter for the Federal court. In no event would our finding be binding upon that court. Wicker v.Enameling Co., 204 U.S. 176. It does not follow that we are compelled to take the charge as true. Our ruling is confined to the facts as they appear in the complaint.
Reversed.