**OLD DOMINION OIL CO. et al. v. SUPERIOR OIL CORPORATION et al.**

(District Court, W. D. Kentucky.   July 25, 1922.)

1. **Removal of causes ⊂⊃48—"Controversy," within provision of Judicial Code for removal of causes, defined.**

Under Judicial Code, § 28 (Comp. St. § 1010), providing for the removal of a suit in which there is a "controversy" which is wholly between citizens of different states, and which "can be fully determined as between them," to the federal District Court, at the instance of either one or more of the defendants actually interested in such controversy, the controversy must be a controversy about relief sought by the suit in which it exists, as to whether the plaintiff who seeks such relief is entitled thereto, and must be a potential, and not an actual, controversy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Controversy.]

2. **Removal of causes ⊂⊃48—One defendant held entitled to removal of cause because of diversity of citizenship, in view of separable character of controversy.**

In action against a corporation, a resident of a state other than that of which the plaintiff was a resident, and a bank, to recover a certain number of shares of the stock of the corporation placed in escrow with the bank by a certain contract, to recover a certain number of shares of the corporation placed in escrow with the bank by another contract, and to recover a personal judgment for a certain sum under a third contract between the plaintiff and the corporation, the defendant was entitled to removal of the cause to the federal court, under Judicial Code, § 28 (Comp. St. § 1010), since the controversy as to whether plaintiff was entitled to a judgment for such sum was a separate and distinct controversy, separable from the controversies as to plaintiff's right to recover such stock, as to which the plaintiff could have been afforded complete relief in a separate action without the presence of the defendant bank.

3. **Action ⊂⊃50(1)—Under Kentucky practice, causes of action to be joined in same suit must affect all parties.**

In a case governed by the Kentucky laws, causes of action, to be joined in the same suit, must affect all the parties to the action.

At Law.   Action by Old Dominion Oil Company and others against the Superior Oil Corporation and the Kentucky National Bank of Louisville, Ky.   On plaintiffs' motion to remand.   Motion denied.

James R. Duffin, Matt O'Doherty, Helm Bruce, and Bruce & Bullitt, all of Louisville, Ky., for plaintiffs.

Edmund F. Trabue, of Louisville, Ky., Edward C. O'Rear, of Frankfort, Ky., and Trabue, Doolan, Helm & Helm and Harris W. Coleman, all of Louisville, Ky., for defendants.

COCHRAN, District Judge (sitting by designation).   This cause is before me on plaintiffs' motion to remand.   It was removed on the sole petition of the defendant Superior Oil Corporation, hereafter referred to as the defendant.   To dispose of this motion correctly, an understanding should be had of what plaintiffs' petition sets forth and what relief it seeks.   Note, however, need not be taken of all its allegations.   Only such as are necessary to a correct disposition of the motion will be referred to.   The fundamental fact which it alleges is the

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

making, August 5, 1920, of a written contract between plaintiffs and defendant, which it copies in full. The contract recites that it amends, and is substituted for, a prior agreement between the parties, dated May 15, 1920. It related to the sale by the plaintiffs to the defendant of all its properties and assets. The consideration therefor was 343,750 shares of the defendant's capital stock. Deeds for the properties and assets to be conveyed and certificates for such numbers of shares of such stock were to be placed in escrow with the defendant bank, to be thereafter, upon the happening of certain conditions, delivered by it to the parties respectively entitled thereto. The whole of the 343,750 shares were not to be so delivered to plaintiff. Only 150,000 shares thereof were. The defendant was to purchase the other 193,750 shares, and the purchase price thereof, which was to be paid to the bank, was to take the place thereof. So far as appears from the contract of August 5, 1920, the price to be so paid was $2,910,000, but according to the allegations of the petition it was $3,100,000, or $16 per share.

This suggests the possibility that, in order to a full understanding of the contract between the parties, the original contract of May 15, 1920, of which that of August 5, 1920, is recited to be an amendment, must be taken into consideration. That of August 5, 1920, contains two other provisions, of which note should be taken. One is that the defendant was to have a certain time in which to examine and approve the title to the oil leases which plaintiff was to convey, and to check up the inventory of plaintiff's other property, any deficiencies in either of which were to be made good out of the cash in the defendant bank's hands from the proceeds of the 193,750 shares. The other is that plaintiff was to indemnify the defendant from certain liabilities, and 25,000 of the 150,000 shares, which were ultimately to go to the plaintiff, were to be held by the bank to secure such indemnification.

The petition alleges, further, the making of two other agreements between plaintiff and defendant. One was a verbal one, and is alleged to have been made contemporaneously with the making of the written contract of August 5, 1920. It related to the properties and assets of the Log Cabin Oil Company. Thereby plaintiff agreed to secure a conveyance thereof to the defendant for $100,000 cash, which plaintiff was to pay, and 6,000 shares of the defendant's capital stock, which it was to furnish to plaintiff to that end, and the defendant was to retain $190,000 of the purchase price of the 193,750 shares of stock to secure performance of such agreement, leaving $2,910,000 thereof to be paid to the bank, as hereinbefore set out.

The other agreement was in writing, was made August 9, 1920, and is copied in full in the petition. Thereby it was provided that the bank was to hold 25,000 of the 150,000 shares of stock which plaintiff was to ultimately get, in addition to the 25,000 shares, hereinbefore referred to, as security for four purposes, to wit: To cover any defects in the title of the properties conveyed by plaintiff to defendant, for performance of plaintiff's agreement in relation to the Log Cabin properties, to cover any deficiencies in the inventory, and to cover any deficiency in material and supplies, estimated to be worth $90,000. It was further expressly provided therein that this 25,000 shares was not to be held

as security for the things which the other 25,000 was to be held. The bank was a party to this agreement.

The petition, after thus setting forth these several agreements between plaintiff and the defendant, alleged that plaintiff had fully performed all its obligations and satisfied all the conditions, to secure performance of which the 50,000 shares of stock were to be held by the defendant bank, and the $190,000 was to be retained by the defendant, that it had demanded the stock of the defendant bank, and that it had refused to deliver same to plaintiff, because the defendant had notified it not so to do. The relief which the petition seeks is a recovery of the 50,000 shares of stock, as against both defendants, and a judgment for $190,000, with interest from September 1, 1920, until paid, against the defendant. What it seeks against both defendants is a recovery of personal property of which plaintiff claims to be the owner. What it seeks against the defendant is a personal judgment, which it claims it is entitled to have.

The removability of the cause depends on the question whether plaintiff's right to such a personal judgment is a separable controversy, within the meaning of the removal statute. If it is, the cause was removable; otherwise, it was not. The provision of that statute applicable to such a case is contained in the third sentence of section 28 of the Judicial Code (Comp. St. § 1010). That sentence is in these words:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district."

[1] The word "controversy," in the provision, is the key which unlocks its contents. To use it to that end, we want to know, not what the word itself means, for that is plain enough, but what it connotes as used here. The provision itself expressly places two limitations upon it: It must be a controversy that is "wholly between citizens of different states," and it must be one that "can be fully determined as between them." But these are not the only limitations upon the word as here used. There are two others to be gathered from its context.

One of these has to do with what the controversy is about. The provision may be read as if it said a "matter in controversy," adopting a phrase used in the section relating to original jurisdiction. What is the matter in controversy that the provision has in mind? What is the controversy as to which it relates? I take it that it is a controversy about relief sought by the suit in which it exists, and, more particularly, as to whether the plaintiff, who seeks it, is entitled thereto. In the case of Schunk v. Moline M. & S. Co., 147 U. S. 500, 13 Sup. Ct. 416, 37 L. Ed. 255, the Supreme Court, through Mr. Justice Brewer said:

"The claim of the plaintiff was to recover $2,194.13 and interest. The right to recover this, or any part thereof, was challenged by the demurrer. In Gaines v. Fuentes, 92 U. S. 10, 20, this court said: 'A controversy was involved, in the sense of the statute, whenever any property or claim of the parties capable of pecuniary estimation was the subject of litigation and was presented by the pleadings for judicial determination.' Hilton v. Dick-

inson, 108 U. S. 165. Within the letter of the statute there was, therefore, a controversy between citizens of different states, in which the matter in dispute was over the sum or value of $2,000."

The other arises from the fact that the petition for removal is required to be filed before there has been any controversy, so far as the suit is concerned, and the right thereto is based solely on plaintiff's pleading, by which the suit was initiated. It is a potential, and not an actual, controversy that is contemplated by the provisions.

What the provision in question yields, then, is this: When, in any suit mentioned in section 28, Judicial Code, there is a potential controversy as to whether plaintiff is entitled to relief sought by him therein, and such controversy is wholly between citizens of different states, and can be fully determined as between them, the suit is removable at the instance of one or more of the defendants actually interested in such controversy. The controversy so provided for is usually characterized as a separable controversy. But it will be noticed that the provision in question does not so characterize it. If such is a true characterization of every controversy which can come within it, then it is so by virtue of what it provides, and not of what it says. Its use in this connection is by the courts which have had to do with the interpretation and application of the provision. The word implies that the only cases calling for its application are those where the suit involves more than one controversy as to whether plaintiff is entitled to relief sought, and that it cannot have application where there is but a single controversy. But in 34 Cyc. p. 1264, I find this statement:

"It is usually, although not universally, held that this refers to a case in which there are two controversies, one of which is separable from the other."

I have not examined the decisions cited in support of this statement, to see if they yield an instance of a suit involving a single controversy only where the provision has been held to apply. Possibly such an instance exists, where the defendant, whose citizenship is the same as that of the plaintiff is a nominal party only. The courts, however, generally construe the provision as if the provision had application only where the suit involved more than one controversy; as, for instance, in the case of Hyde v. Ruble, 104 U. S. 407, 409 (26 L. Ed. 823), it was said:

"To entitle a party to a removal under this clause there must exist in the suit a separate and distinct cause of action in respect to which all the necessary parties on one side are citizens of different states from those on the other."

Again, in the case of Fraser v. Jennison, 106 U. S. 191, 194, 1 Sup. Ct. 171, 174 (27 L. Ed. 131), it was said:

"The case must be one capable of separation into parts, so that, in one of the parts, a controversy will be presented with citizens of one or more states on one side, and citizens of other states on the other, which can be fully determined without the presence of any of the other parties to the suit as it has been begun."

And again, in the case of Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122:

"And when two or more causes of action are united in one suit, there can be a removal of the whole suit on the petition of one or more of the plaintiffs ·or defendants (now only the defendants) interested in the controversy, which, if it had been sued on alone, would be removable."

The recent decision of the appellate court for the Second circuit in the case of Venner v. Southern Pac. Co., 279 Fed. 832, involved this provision of the removal statute. The opinion was delivered by Judge Rogers. It is illuminating, as are all his opinions. His method is to consider the particular in the light of the whole. He thus expresses himself as to this provision in the course of his opinion:

"The suit is not removable from the state court of New York, in which it was commenced, unless there exists in the suit a separate and distinct cause ·of action, on which a separate and distinct suit might properly have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other."

Again, in these words:

"A suit may, consistently with the rules of pleading, embrace several distinct controversies, and where it does involve such controversies, to entitle a party to a removal of the suit into a federal court, it is necessary that there should exist in the suit a separate and distinct cause of action in respect to which all the necessary parties on one side are citizens of different states from those on the other."

The view which I have thus presented of this provision will be better grasped if note is taken of the particular facts of several cases in which it was held that a given suit was removable on the ground of separable controversies. The cases to be so considered are Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Geer v. Mathieson Alkali Works, supra; Nichols v. C. & O. R. Co., 195 Fed. 913, 115 C. C. A. 601; Trivette v. Same, 212 Fed. 641, 129 C. C. A. 177; Venner v. Southern Pac. Co., supra.

In Barney v. Latham the defendants were certain individuals and a corporation. There was diversity of citizenship between plaintiffs and the individual defendants, but not between them and the corporation. Plaintiffs claimed that they had an equitable right in certain lands jointly with the individual defendants, who held the legal title; that these defendants had disposed of certain of these lands, received the proceeds thereof, and failed to account to them for their shares; and that subsequently they had formed the defendant corporation and conveyed the remaining portion of the land to it. The relief which the plaintiffs sought consisted of two separate and distinct things, to wit, an accounting for the proceeds of the lands which had been sold, and an adjudication that they had an interest in the lands which had been conveyed to the corporation. The one relief was sought against the individual defendants; the other, against the corporate defendant. The suit was removed on the petition of the individual defendants. There were in the suit when the petition for removal was filed two potential controversies. That as to whether the plaintiffs were entitled to an accounting was wholly between plaintiffs and the individual defendants. The corporation had no interest whatever in that controversy, and that controversy could be fully determined as between plain-

tiffs and those defendants. The presence of the corporation defendant was not essential to its determination. These two things being true of that controversy, it was separate and distinct from the other controversy. It was capable of being separated therefrom. Hence it was properly characterized as a separable controversy. In this case it would seem that the two controversies, though separable, were properly united in the same suit.

In Geer v. Mathieson Alkali Works the defendants were two corporations and certain individuals, directors of one of the corporations. There was diversity of citizenship between plaintiffs and the two corporations, but not between them and the individual defendants. The plaintiffs, who were stockholders in one of the corporation defendants, claimed that the individual defendants, directors thereof, had wrongfully conveyed its property to the other corporation. The relief which they sought consisted of two separate and distinct things, to wit, a setting aside of the conveyance from the one corporation to the other, and damages from the individual defendants for their action as directors in causing the conveyance to be made. This suit was removed on the petition of the corporation defendants. There were, therefore, in the suit when the petition for removal was filed two potential controversies. That as to whether the plaintiffs were entitled to have the deed of conveyance set aside was wholly between the plaintiffs and the corporation defendants. The individual defendants had no interest whatever in that controversy, and that controversy could be fully determined as between plaintiffs and those defendants. The presence of the individual defendants was not essential to its determination. These two things being true as to that controversy, it was separate and distinct from the other. It was capable of being separated therefrom. Hence it was properly characterized as a separable controversy. Possibly the controversies, though separable, were properly united in the same suit.

The Nichols and Trivette Cases are exactly alike in their features, and the Nichols Case only will be dealt with. The defendants in that case were a railroad corporation and individuals, employees of such corporation. There was diversity of citizenship between the plaintiff and the corporation, but not between him and the individual defendants. The plaintiff claimed that he had been personally injured by negligence in the operation of a railroad train of the corporation by the individual defendants. The relief sought was just one thing, a certain sum in damages for the injuries received. But it was sought on two separate and distinct grounds, to wit, an act of negligence on the part of the individuals, which made the corporation and them jointly liable to the plaintiff, and an act of negligence, not on their part, and for which they were not responsible, but for which the corporation alone was responsible, and the prayer for relief was capable of division into two separate and distinct parts, to wit, a judgment for the amount claimed against the corporation and individuals, because of the negligence for which they were jointly liable, and for such amount against the corporation alone, because of the negligence for which it alone was responsible. The suit was removed on the petition of the corporation defendant. There were, therefore, in the suit when the petition for removal was

filed two potential controversies. That as to whether the plaintiff was entitled to the sum claimed in damages as against the corporation alone, because of the negligence for which the individual defendants were not responsible, was wholly between plaintiff and the corporation defendant. The individual defendants had no interest whatever in that controversy, and that controversy could be fully determined as between plaintiff and that defendant. The presence of the individual defendants was not essential to its determination. These two things being true as to this controversy, it was separate and distinct from the other. It was capable of being separated therefrom. Hence it was properly characterized as a separable controversy. Though the question has never been raised, possibly some question can be made as to the right to join these two controversies in the same suit, and that because each does not affect all parties to the action.

The case of Venner v. Southern Pac. Co. is so much like that of Geer v. Mathieson Alkali Works that a detailed statement of its features need not be made. What has been said in regard to the latter case may be taken as true of the former.

[2, 3] This brings me to the case in hand. The relief which the plaintiff seeks in its petition consists of three separate and distinct things, to wit, a recovery of the 25,000 shares of the defendants' capital stock placed in escrow with the defendant bank by the written contract of August 5, 1920, a personal judgment for $190,000 under the verbal contract made contemporaneously with the making of the written contract of August 5, 1920, and a recovery of the 25,000 shares of the defendant's capital stock placed in escrow with the defendant bank by the written contract of August 9, 1920. There were, therefore, in this suit when the petition for removal was filed three potential controversies. That as to whether the plaintiff is entitled to a personal judgment against the defendant for $190,000 is wholly between plaintiff and the defendant. The defendant bank is not a party to it. Nor has it any interest whatever in it, and that controversy can be fully determined as between plaintiffs and the defendant. The presence of the defendant bank is not essential to its determination. These two things being true as to this controversy, it is separate and distinct from the other two controversies in the suit. It is capable of being separated therefrom. It may properly be characterized as a separable controversy. It would seem, therefore, clearly to come within the provision of the removal statute involved here, and to have rendered the suit removable. The case differs from the Barney v. Latham, Geer v. Mathieson Alkali Works, and Venner v. Southern Pac. Co. Cases, in that there the removing defendant was no party to and was not interested in the other controversy in the suit, whereas here the removing defendant is a party to and interested in the two other controversies herein. But in this respect it is like the Nichols and Trivette Cases, in that there the removing defendant was a party to and interested in the other controversy in the case. These cases are authorities for the position that the fact that the removing defendant is a party to and interested in the other controversy does not make against the removability of the cause. In other words, if a party in the same suit

sues X. on his individual note and X. and Y. on their joint note, the fact that X. is a party to and interested in the controversy as to liability and the joint note is not against his right to remove the suit on the ground of the separable controversy between plaintiff and him on his individual note.

But there are other particulars in which this case differs from all five of these cases, which make a stronger case of removability here than in those cases. The right asserted and sought to be vindicated in the Barney v. Latham Case was the same in both controversies, to wit, plaintiff's equitable interest in the land, and plaintiff's interest both in that which had been sold and in that which had been conveyed to the corporation rested on the same basis. In Geer v. Mathieson Alkali Works and Venner v. Southern Pacific Co. the wrong complained of was exactly the same in both controversies, to wit, the conveyance from the one corporation to the other. In each controversy one and the same act was complained of. And in the Nichols and Trivette Cases the physical cause of the injury complained of was the same in both controversies. Here there is no such connection between the three controversies. Each grows out of entirely separate and distinct transactions. The controversy as to plaintiffs' right to the first 25,000 shares grows out of the written contract of August 5, 1920; that as to plaintiffs' right to a personal judgment for $190,000 grows out of the verbal contract made simultaneously with that contract; and that as to plaintiffs' right to the other 25,000 shares grows out of the written contract of August 8, 1920.

It is questionable, to say the least, whether the controversy as to the personal judgment for $190,000 can properly be joined in the same suit with the other two controversies. As to the one, the suit is on a contract for a personal judgment; whereas, as to the other two, it is a suit to recover personal property which plaintiff claims to be the owner of. The suit, so far as it relates to such two controversies, is not a suit on the written contracts of August 5 and August 9, 1920. It is no more such a suit than is a suit to recover land a suit on the deed under which the land is held. Those contracts are simply the basis of the ownership of such shares of stock as are sought to be recovered. This action is an action at law, and governed by the Civil Code of Practice of Kentucky. Under that Code an action on a contract and one to recover personal property cannot be joined in the same suit. Civ. Code Prac. § 83. Furthermore, causes of action, in order to be joined in the same suit, must affect all the parties to the action. So far as this suit seeks to recover a personal judgment for $190,000, it does not affect all the parties to the action, in that it does not affect the defendant bank.

The plaintiffs' motion to remand is based solely on the decision of the Supreme Court in the case of Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528, and a certain quotation from the opinion therein delivered on behalf of the court by Mr. Justice Gray. Clearly the point decided in that case has no application here. It is not possible for such a case to arise under the present removal statute. It arose under the act of 1875 (Comp. St. § 1010), by virtue of which

plaintiff, as well as defendant, might apply for a removal, and application might be made on or before the trial of the suit. The plaintiff therein claimed to be owner of a one-third interest in certain real estate, and that the defendant owned the other two-thirds. The sole relief which he sought was a partition of the real estate. The matter in controversy in the suit was whether he was entitled to such relief, and this was the only matter in controversy therein.

After a reversal by the Supreme Court of the state of a decree of the court of original jurisdiction dismissing the bill, one Sorin, plaintiff's grantor, under whose deed plaintiff claimed the one-third interest, intervened and filed an answer and cross-bill, by which he alleged that he was the equitable owner of the one-third interest, that plaintiff had refused to convey same to him, and that plaintiff had agreed to convey it to Brown, one of the defendants. He sought to have the one-third interest set off to him. Thereupon plaintiff and Brown filed a petition for removal, because of the controversy as to the ownership of this one-third interest, which Sorin had interjected into the case. It was held that the cause was not removable. This was so because, though the controversy between plaintiff and Brown on the one side, and Sorin on the other, as to the ownership of the one-third interest in question, was separate and distinct from the controversy between plaintiff, Brown and Sorin on the one side, and the other defendants on the other, as to the right to partition, and was wholly between citizens of different states, it could not be fully determined as between them. It was not, therefore, a separable controversy. This was so because the defendants, other than Brown, had an interest in its determination. That such was the case was made out in the opinion in this way:

"The object of the suit was not merely the establishment of the title of the plaintiff in an undivided share of the land, but it was the partition of the whole land, and the conversion of his undivided share into an entire estate in a proportional part, as well as the establishment of his title against all the defendants. The controversy between the plaintiff and Brown and Sorin related only to the title claimed by the plaintiff in an undivided share; Sorin's whole claim was of an equitable estate in whatever should be set off to the plaintiff; and the other defendants denied that either the plaintiff or Brown and Sorin had any title whatever. Neither of the three, therefore, could recover judgment setting off to him any share in the land, without establishing a title, not only as between themselves, but also as against all the other defendants. The inevitable result is that the controversy of the plaintiff with Brown and Sorin was merely incidental to the main object of the suit, could not be determined as between them without the presence of the other defendants, and did not constitute such a separate controversy as would justify a removal into the Circuit Court of the United States."

Here the controversy as to the plaintiffs' right to a personal judgment against the defendant for $190,000 is not incidental to the main object of the suit. It is itself a part of the main object thereof. It is as much a part thereof as the controversy as to plaintiffs' right to a judgment for the recovery of the two blocks of 25,000 shares of stock, and furthermore the defendant bank has no interest whatever in such controversy. It can be determined as between plaintiff and defendant without the presence of the defendant bank. Such presence is not es-

sential to its determination. Such being the character of this case, it would be strange if anything said in the opinion can have application here. The following is the portion thereof which is relied on, to wit:

"But in order to justify such removal, on the ground of a separate controversy between citizens of different states, there must, by the very terms of the statute, be a controversy, which can be fully determined as between them, and by the settled construction of this section, the whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit."

There are two expressions here which need to be considered separately. One is "the whole subject-matter of the suit must be capable of being finally determined as between them." Evidently there is an error here in using the word "suit" for "controversy." What the provision requires is that the whole subject-matter of the controversy, whose existence in the suit is claimed to give rise to the right to remove the entire suit, must be capable of being finally determined as between the parties thereto. It does not require that the whole subject-matter of the suit shall be so capable. Otherwise, there could never be a removal under this provision.

The other is "complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit." It is essential, it is true, that complete relief can be afforded without such presence, but not as to the whole subject-matter of the suit, only "as to the separate cause of action." Judge Rogers puts it that there must exist "in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought, and complete relief afforded as to such cause of action."

Here there exists in this suit a separate and distinct cause of action, to wit, that as to the $190,000. A separate and distinct suit might properly have been brought on it. Possibly such a suit should have been brought. And complete relief can be granted as to such cause of action, without the presence of the defendant bank. It has no interest whatever in this claim, and will be unaffected if a judgment is entered sustaining it.

I therefore feel constrained to overrule the motion to remand.