## ALLEN v. HAUSS.

(District Court, E. D. Michigan, S. D.   May 31, 1923.)

No. 513.

I. **Fraudulent conveyances ⬦⟿255(3)—Grantor, or his personal representative, held necessary party to suit to cancel conveyance.**

The grantor, or, in case of his death, his personal representative, is a necessary and indispensable party to a suit to set aside a fraudulent conveyance.

2. **Fraudulent conveyances ⬦⟿256—Removal of causes ⬦⟿48—Executor held necessary party to suit to set aside transfer by deceased; controversy held not separable.**

In a suit by widow to set aside stock transfers by her deceased husband, secretly made before his death to his daughter, defendant, in which deceased's executor, a resident of the same state as plaintiff, was joined as defendant, as possessing 50 shares of stock belonging to deceased's estate, which plaintiff feared might be claimed by defendant daughter, *held*, that complete relief was not obtainable as to the 50 shares without joining the executor, and that there was no separable controversy as to such shares.

In Equity.   Suit by Eliza A. Allen against Ethel A. Hauss, in which the Security Trust Company was joined as defendant.   On motion to remand cause.   Motion granted.

Lucking, Helfman, Lucking & Hanlon, of Detroit, Mich., for plaintiff.

Angell, Turner & Dyer, of Detroit, Mich., for defendant.

SIMONS, District Judge.   The plaintiff, a resident of the state of Michigan, brought suit in the circuit court for the county of Wayne and state of Michigan, by a bill in chancery against the defendant, Ethel A. Hauss, a resident of the state of Florida—the bill charging in substance that the plaintiff is the widow of David D. Allen, deceased; that before his death he had secretly made alleged gifts of nearly all of his stock to his daughter, the defendant Hauss, for the purpose of depriving the plaintiff of her widow's rights in the estate; that the deceased and the defendant had conspired together to this end, and that the gifts were in the nature of a testamentary disposition and were not fully delivered, the donor having kept the income of the same during his life; that the donations were in fraud of the plaintiff's rights; that the deceased's executor, having taken part in the transfer and prepared the instruments of conveyance, was disqualified to sue to set them aside; and asking that the alleged gifts be set aside and the property represented by them, or its equivalent, be restored to the estate of the deceased, and the plaintiff be declared to be entitled to her share in such gifts, and for other relief.   A few days after the original bill was filed, an amended bill was filed, joining the Security Trust Company, a Michigan corporation, the executor named in the will of David D. Allen, and special administrator of his estate, as party defendant, alleging that the Security Trust Company had in its possession 50 shares of capital stock of the Ford Motor Company

⬦⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of Canada, Limited; that such shares belonged to the estate of the deceased; that the plaintiff feared they might be claimed by the defendant Hauss; and praying that the said shares be declared part of the estate of the deceased.

The appearance of the defendant Hauss was entered on November 15, 1922, and on the 27th day of November, 1922, the cause was removed to the United States District Court for the Eastern District of Michigan. On the 29th of November, 1922, defendant Hauss filed an answer denying fraud and undue influence, and claiming ownership of the fifty shares of stock in possession of the Security Trust Company, and on January 2, 1923, filed an amended answer. The Security Trust Company answered the amended bill of complaint on December 1, 1922, admitting having prepared the instruments of transfer from the deceased to the defendant Hauss, and denying that the plaintiff is entitled to any relief against it.

This is a motion to remand the cause to the Wayne county circuit court, because one of the defendants, who is a necessary and indispensable party, is a resident of the same state as is the plaintiff, and this court has no jurisdiction.

The principal questions involved are:

(1) Is the grantor, or, in case of his death, the personal representative, a necessary and indispensable party to a suit to set aside a fraudulent conveyance?

(2) Can complete relief be obtained as to the 50 shares in possession of the executor without joining the executor, or is there a separable controversy as to such shares?

[1, 2] Where it is charged that the grantor, as well as the grantee, has been guilty of fraud, it has been held that the grantor is a necessary party to a suit to set aside the conveyance. Swan Land Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691, 37 L. Ed. 577; Graves v. Corbin, 132 U. S. 571, 10 Sup. Ct. 196, 33 L. Ed. 462; Railroad Co. v. Mills, 113 U. S. 249, 5 Sup. Ct. 456, 28 L. Ed. 949; Railroad Co. v. Grayson, 119 U. S. 240, 7 Sup. Ct. 190, 30 L. Ed. 382; Venner v. Great Northern Railway, 209 U. S. 24, 28 Sup. Ct. 328, 52 L. Ed. 666; In re Vadner (D. C.) 259 Fed. 614. So upon the death of the grantor, or transferror, his personal representatives become necessary parties to the suit. American Surety Co. v. Conway (D. C.) 222 Fed. 140; Fuller v. Montague, 59 Fed. 212, 8 C. C. A. 100.

It is argued on the part of the defendant Hauss that the cases cited are applicable only to the situations where fraud on the part of the grantor is clearly alleged, and that in the instant case no such allegations are made. A careful reading of the bill of complaint, however, discloses that fraud on the part of the donor is not only clearly, but repeatedly and unequivocally, alleged. Defendant has cited a number of cases where the right to remove has been sustained because of there being a separable controversy between the parties on one side and one or more of the parties on the other side, chief among them being Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122; Boatmen's Bank v. Fritzlen, 135 Fed. 650, 68 C. C. A. 288, certiorari denied 198 U. S. 586, 25 Sup. Ct. 803, 49 L. Ed. 1174;

Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 Sup. Ct. 366, 53 L. Ed. 551; Venner v. Southern Pacific (C. C. A.) 279 Fed. 832; Nichols v. C. & O. R. Co., 195 Fed. 913, 115 C. C. A. 601; Trivette v. C. & O. R. Co., 212 Fed. 641, 129 C. C. A. 177; Old Dominion Oil Co. v. Superior Oil Corp. (D. C.) 283 Fed. 636.

These were cases where suit was begun against a corporation to set aside fraudulent conveyance, and individual directors, because of their official capacity, were joined, and damages sought against them. These cases are distinguishable and are clearly distinguished from the class of cases first cited in the exhaustive opinion of Lowell, Circuit Judge, in Regis v. United Drug Co. (C. C.) 180 Fed. 201. The Security Trust Company, executor of the estate of David D. Allen, deceased, being a necessary and indispensable party to the controversy, there is no separable controversy as between it and the plaintiff, and it becomes unnecessary to discuss the other questions raised.

The motion to remand is granted, and an order may be entered accordingly.