JACKSON COUNTY BANK v. A. F. HESTER and W. H. McELWEE, PARTNERS, TRADING AS HESTER & McELWEE, THE FIDELITY & CASUALTY COMPANY OF NEW YORK, and CULLOWHEE NORMAL AND INDUSTRIAL SCHOOL.

(Filed 21 June, 1924.)

**Removal of Causes—Federal Courts—Jurisdiction—Severable Controversies—Necessary Parties.**

Where a local bank has loaned money to a contractor for the erection of a local school building under an agreement entered into by which the local school committee should reserve for the plaintiff bank, as collateral, certain moneys to be retained by them from the specified amounts to be retained as the building progressed, a nonresident defendant surety of the contractor for the completion of the building may not remove the cause from the State to the Federal court upon the ground that the resident defendants were not necessary parties to the determination of the controversy. C. S., 455, 456. *Morganton v. Hutton*, 187 N. C., 738, cited and applied.

PETITION for removal to District Court of U. S. for Western District of North Carolina by defendant Fidelity & Casualty Co. of New York. Heard before *McElroy, J.,* at Spring Term, 1924, of JACKSON.

Appeal by defendant Fidelity & Casualty Company of New York. The material facts are:

The defendants, Hester & McElwee, contractors and builders, entered into a contract with the Cullowhee Normal and Industrial School for the erection of a power plant and laundry building at the plant of said school at Cullowhee, North Carolina, and procured the defendant Fidelity & Casualty Company of New York to execute a guaranty or indemnity bond, therein guaranteeing the fulfillment of the said contract of Hester & McElwee in so far as it related to the construction to completion of said power plant.

In the course of their operations, Hester & McElwee borrowed the sum of $5,000 from the plaintiff bank, for which they executed their demand note. It was provided in the contract between Hester & McElwee and the defendant school that from time to time in the progress of the work the defendant school would have special estimates prepared showing the amount then due the contractors. Hester & McElwee agreed to assign and did assign to the plaintiff bank the amount represented by said estimates, with directions to the school to apply the payments represented thereby to the several notes owing by the contractors to the plaintiff bank, and this assignment and directions were accepted and assented to by the defendant school.

About 21 January, 1924, the school had a special estimate prepared and turned over to Hester & McElwee, amounting to $5,090.44. By virtue of their agreement it was the duty of Hester & McElwee to turn this assignment back to the school, with directions to apply the sum represented thereby to the plaintiff. Instead thereof they turned it over to the Fidelity & Casualty Company of New York, and it has refused to turn said estimates over to the school or to the plaintiff. The plaintiff has demanded payment of the school, and it refused to make payment in pursuance of said assignment.

The plaintiff asked judgment against the contractors and school for $5,000 and interest, for a mandatory injunction directing the school to pay the sum represented by said estimate, and that the surety company be restrained from interfering with the collection of said note. Hester & McElwee are in a very precarious financial condition and practically insolvent.

The Jackson County Bank is a North Carolina corporation. Hester & McElwee and the Cullowhee Normal and Industrial School are residents of North Carolina, but the defendant, the Fidelity & Casualty Company of New York, is a foreign corporation.

In apt time appellant gave notice and filed its petition to remove this cause to the District Court of the United States, for the reason that the controversy, in so far as it was concerned, was severable, and that its rights could be determined independently of the other interested parties, *i. e.,* Hester & McElwee and the Cullowhee Normal and Industrial School, the latter being merely a stakeholder, and having no interest in the amount involved, except holding the same to abide the judgment of the court, as between the other parties.

The petition was heard before the clerk and the motion to remove denied. Appeal was then taken to the judge in term, and heard by consent at Murphy, N. C., and the order of the clerk affirmed and motion to remove denied.

Appellant's exceptions and assignments of error are directed to the refusal of the court below to grant the motion to remove on appeal from the clerk and signing the order denying the motion. The two assignments of error are treated as one.

*Sutton & Stillwell and Alley & Alley for plaintiffs.*
*A. J. Fletcher and S. W. Black for Fidelity & Casualty Company of New York.*

CLARKSON, J., after stating the facts: The sole question presented for us to consider: Was Hester & McElwee and the Cullowhee Normal and Industrial School "indispensable parties" to the action for a complete determination of the controversy; were they "necessary parties"; was it a "separable or joint controversy?" They were defendants, residents of North Carolina, and joined with the nonresident defendant, Fidelity & Casualty Company of New York. The plaintiff bank is a North Carolina corporation. If Hester & McElwee and the Cullowhee Normal and Industrial School were indispensable parties, and this is not a separable but joint controversy, the court below committed no error in refusing to remove the cause, and in this we think the court correct.

C. S., 455, is as follows: "All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs except as otherwise provided."

C. S., 456, is as follows: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved. In an action to recover the possession of real estate, the landlord and tenant may be joined as defendants. Any person claiming title or right of possession to real estate may be made party plaintiff or defendant, as the case requires, to such action."

In 23 R. C. L., 672, part of sec. 68, it is said: "The act of 1866 authorized removal by a defendant 'if the suit is one in which there can be a final determination of the controversy, so far as it concerns him, without the presence of the other defendants as parties in the cause.' This clause was repeated verbatim in the second subdivision of section 639 of the Revised Statutes. In the Judiciary Act of 1875 removal was allowed 'when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them.' This clause was repeated word for word in the Judiciary Act of 1887-1888, and again in Judicial Code, sec. 28. In no case has a court detected any difference in meaning between the clause as first enacted and the clause now in

force. The Federal Supreme Court virtually declared that Congress intended to preserve in the Judiciary Act of 1875 this substantial feature in the act of 1866, which proceeded plainly upon the ground, among others, that a suit may, under correct pleading, embrace several controversies, one of which may be between the plaintiff and that defendant who is a citizen of a state other than the state in which the suit is brought; that to the final determination of such separate controversy the other defendants may not be indispensable parties. . . . If the relief asked by the plaintiff and obtainable in the case alleged in his pleading cannot be granted unless all who are made defendants are parties, there is no separable controversy, and this is perhaps the most practicable and most frequently decisive test applied."

In 23 R. C. L., 660, part of sec. 57, it is said: "In an action against principal and surety on an official bond, the fact that the principal was financially irresponsible and the surety would be obliged to meet practically the whole claim, should judgment be rendered against the defendants, did not make the principal a nominal party."

*Mr. Chief Justice Fuller,* in *Cochran v. Montgomery Co.,* 199 U. S., 272, says: "In the present case, suit was brought in the plaintiff's State against Cochran, a citizen of the same State, who was a necessary party, and the surety company, a citizen of Maryland."

The facts in that case were: "Action was brought 21 January, 1902, in the city court of Montgomery, Alabama, by the county of Montgomery, one of the counties of the State of Alabama, against John J. Cochran, a citizen of that county and State, and the Fidelity & Deposit Company of Maryland, a corporation of the State of Maryland, Cochran being the treasurer of the plaintiff county and the Fidelity & Trust Company of Maryland being the sole surety on the official bond of said Cochran as such county treasurer, to recover damages for certain alleged breaches of said official bond. Cochran was charged with the conversion of amounts belonging to the general fund of the county, and of amounts belonging to the road and bridge fund."

This matter has been fully discussed recently by the lamented late *Chief Justice Walter Clark* in *Morganton v. Hutton,* 187 N. C., 740: "The question of the nature of the controversy is governed by the complaint. Whether there is separable controversy is determined by the complaint. *Staton v. R. R.,* 144 N. C., 135; *Hollifield v. Tel. Co.,* 172 N. C., 714; *Patterson v. Lumber Co.,* 175 N. C., 92. And the plaintiff is entitled to have his cause of action considered as stated in complaint. *Hough v. R. R.,* 144 N. C., 700-702; *Smith v. Quarries Co.,* 164 N. C., 338; *Powers v. R. R.,* 169 U. S., 92; 179 U. S., 135; 200 U. S., 206. In *Powers v. R. R.,* 169 U. S., 92, it is said: 'A separate defense cannot

create a separate controversy or deprive the plaintiff of the right to prosecute his own suit to a final determination in his own way, for the cause of action is the subject-matter of the controversy and is what the plaintiff alleges.' Cited in 194 U. S., 138. Also, in *R. R. v. Ide,* 114 U. S., 52, it is said: 'A defendant cannot make an action several which a plaintiff has elected to make joint.' "

For the reason given, on the facts in this case, we think the judgment of the court below conforms to the statute of the United States in reference to removals. The judgment is

Affirmed.