IVY RIVER LAND & TIMBER COMPANY, CENTRAL BANK & TRUST
COMPANY, as Trustee, and BANKERS TRUST & TITLE INSURANCE
COMPANY v. THE AMERICAN INSURANCE COMPANY, of NEWARK,
N. J., and DIXIE FIRE INSURANCE COMPANY. ·

(Filed 23 December, 1925.)

**1. Removal of Causes—Federal Statutes—Diversity of Citizenship—Parties—Separable Controversies.**

Where upon motion to remove a cause from the State to the Federal
Court under the provisions of the Federal Statutes for diversity of citizen-
ship and separable controversies, and contested upon the ground that a
resident defendant was united, the motion will be granted if the suit is
separable, and the resident defendant is not an indispensable party to the
determination of the controversy between the plaintiff and the nonresident
defendant.

**2. Same—Insurance—Policies—Coinsurance Clauses.**

Where the "coinsurance clause" of a fire insurance policy limits the
liability of a defendant insurance company and makes it ratable with
other companies who have issued fire policies upon the property destroyed,
upon a motion by a nonresident company to remove the cause from the
State to the Federal Court, the fact that one of the coinsuring companies
is a resident defendant is not sufficient to deny the motion, such defend-
ant not being an indispensable party to the determination of the suit
against the movant nonresident company, and the controversy being separ-
able as to the cause of action alleged against it and fully determinable
without the presence of the resident defendant.

**3. Same—Proper Parties—Necessary Parties.**

While it is expedient to sue all insurance companies whose policies
cover a loss by fire in the same action, yet the causes are separable, upon
motion to remove the cause by a nonresident defendant to the Federal
Court for diversity of citizenship, and while resident defendants are
proper parties they are not indispensable ones.

**4. Same—Entire Controversy.**

Upon motion to remove a cause from the State to the Federal Court
for diversity of citizenship, where movant is a nonresident and the con-
troversy separable, and the resident defendant is only a proper party,
the entire cause is now properly removed under the provisions of the
existent Federal Statutes.

Appeal by plaintiffs from Buncombe Superior Court. *Lane, J.*

Motion by defendant, The American Insurance Company of Newark,
N. J., to remove this action to Federal Court. From an order granting de-
fendant's motion for removal, plaintiffs appealed. Affirmed.

The plaintiff, Ivy River Land & Timber Company, was the owner of
a large amount of lumber in which its coplaintiffs were interested as

mortgagees thereof. The American Insurance Company, 11 November, 1924, issued and delivered to the plaintiff, Ivy River Land & Timber Company, a certain policy of insurance, wherein it agreed to insure the said plaintiff against loss or damage by fire in the sum of $10,000 on its said lumber, and 11 December, 1924, The Dixie Fire Insurance Company issued a like policy in like sum on said lumber, both policies contained loss-payable clauses by which plaintiff, Central Bank & Trust Company and Bankers Trust & Title Company, became interested in said insurance policies. These policies contained the usual "eighty per cent coinsurance clause," by which it is stipulated that the insured shall, at all times, maintain insurance on the property insured, of not less than 80 per cent of the actual cash value thereof, and that in failing so to do, the insured shall be an insurer to the extent of such deficit, and in that event shall bear its proportion of any loss; also a pro rata liability clause as follows: "This company shall not be liable for a greater proportion of any loss or damage than the amount hereby insured shall bear to the whole insurance covering the property, whether valid or not, and whether collectible or not." The property covered by these policies was totally destroyed by fire. In addition to the policies issued by the defendants, plaintiff had other policies of insurance on this lumber aggregating $41,500. Plaintiff prayed for a judgment against the defendants in the sum of $20,000.

In apt time the defendant, The American Insurance Company, of Newark, N. J., filed its petition and bond for removal to the Federal Court. The American Insurance Company of Newark, N. J., is, and has, at all times, been a corporation of the State of New Jersey, and not a corporation of the State of North Carolina. The Dixie Fire Insurance Company has, at all times, been a corporation of the State of North Carolina, and not a corporation of any other state. The value of the lumber destroyed is sufficient to cover the amount of all insurance thereon.

*Mark W. Brown for plaintiffs.*
*Jones, Williams & Jones for defendants.*

VARSER, J. The cause of action alleged against the defendant, the American Insurance Company, a New Jersey corporation, must be separate and distinct, that is, separable from the cause of action alleged against the Dixie Fire Insurance Company, a North Carolina corporation, in order to permit the removal to the District Court of the United States for the Western District of North Carolina.

This separability depends upon whether the cause of action is several or joint. *Bank v. Hester,* 188 N. C., 68; *Morganton v. Hutton,* 187 N. C.,

740. The removal statute, Judicial Code, sec. 28 (U. S., compiled 1918, p. 133), provides, among other causes for removal, that, "when in any suit mentioned in this section there shall be a controversy that is wholly between citizens of different states, and which can be fully determined as between them (*R. R. v. Grayson,* 119 U. S., 240; *Wilson v. Oswego Township,* 151 U. S., 56; *Storage Co. v. Ins. Co. of North America,* 151 U. S., 368), then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States.

A suit may, in this jurisdiction, consist of several legally distinct controversies, and in such suit a person is entitled to remove when such person is a defendant and the cause of action asserted against such person is separate and distinct, that is, may be wholly determined between such defendant and the plaintiff, or plaintiffs, so asserting it, and all the indispensably necessary parties on one side are citizens of different states from those on the other. *Hyde v. Ruble,* 104 U. S., 407; *Ayres v. Wiswall,* 112 U. S., 187; *Greer v. Mathieson,* 190 U. S., 428; *Graves v. Corbin,* 132 U. S., 571; *Yulee v. Vose,* 99 U. S., 539; *Corbin v. Van Brunt,* 105 U. S., 576; *Frazer v. Jennison,* 106 U. S., 191.

If the defendant, or defendants, who seek to remove, are jointly liable, either in tort (*Ry. Co. v. Dowell,* 229 U. S., 102; *McAllister v. R. R. Co.,* 243 U. S., 302), or in contract (*R. R. v. Ide,* 114 U. S., 52; *Pirie v. Tvedt,* 115 U. S., 41; *Core v. Vinal,* 117 U. S., 347; *Sloane v. Anderson,* 117 U. S., 275), the requisite separability does not exist.

If they are severally liable each defendant is liable only for the amount due by virtue of the cause of action alleged against him, and is not liable for the cause of action alleged against his codefendant who is a resident of the same state with the plaintiff, then such defendant who is a resident of a different state from that of the plaintiff may remove. *Barney v. Latham,* 103 U. S., 205; *Venner v. Sou. Pacific Co.* (C. C. A.), 279 Fed., 832, 836, *certiorari* denied, 258 U. S., 628; *City of Winfield v. Wichita* (C. C. A.), 267 Fed., 47. Separable causes of action remain separable, although assigned to one plaintiff, when viewed on a motion to remove (*Patterson v. Bushnall,* 203 Fed., 1021), and same is true in a suit on individual note as to one defendant who is also sued on a joint note with another defendant. *Old Dominion Oil Co. v. Superior Oil Co.,* 283 Fed., 636.

The test as to whether the alleged cause of action as to the defendants, who are of diverse citizenship, is separate and distinct, is whether a separate suit could have been maintained between plaintiff or plaintiffs against the defendants, in separate actions, and the determination of neither of such separate suits, is essential to the disposition of the other.

*Morganton v. Hutton, supra; Greer v. Mathieson, supra; Peper v. Fordyce,* 119 U. S., 468; *Fraser v. Jennison,* 106 U. S., 191; *Boatman's Bank v. Fritzen* (C. C. A.), 135 Fed., 650, writ to review denied by U. S. Supreme Court, 198 U. S., 586, 212 U. S., 368; *Torrence v. Shedd,* 144 U. S., 531. A joint tort is not separable. *McAllister v. R. R. Co., supra; Hill v. R. R.,* 178 N. C., 607; *Meyer v. Const. Co.,* 100 U. S., 457; *Blake v. McKim,* 103 U. S., 336; *Hyde v. Ruble,* 104 U. S., 407; *Salem Trust Co. v. Finance Co.,* 264 U. S., 188; *Ferry v. Wiggins,* 287 Fed., 422; *City of Winfield v. Wichita, supra; Boatman's Bank v. Fritzlen, supra; Torrence v. Shedd, supra; Chesapeake & O. Ry. Co. v. Dixon,* 179 U. S., 132; *Sou. Ry. v. Carson,* 194 U. S., 136; *R. R. v. Bonon,* 200 U. S., 221; *R. R. v. Miller,* 220 U. S., 413; *R. R. v. Schwyhart,* 227 U. S., 184; Hughes on Federal Procedure (2 ed.), 333.

In determining this question, the rule is that only *indispensably necessary parties* should be considered. *Ferry v. Wiggins Co.,* 287 Fed., 421; *Allen v. Hauss,* 290 Fed., 253; *Galluchat v. Pittman,* 288 Fed., 917; *Barney v. Latham, supra; Beal v. R. R.,* 298 Fed., 180; *Bank v. Hester, supra; Cochran v. Montgomery Co.,* 199 U. S., 272; *Sutton v. English,* 246 U. S., 204; *Webb v. Sou. Ry. Co.,* 235 Fed., 583; *Venner v. Sou. Pac. Co.,* 279 Fed., 837; *Colleton Mercantile & Mfg. Co. v. Savannah River L. Co.,* 280 Fed., 361; *City of Winfield v. Wichita Natural Gas Co., supra; Salem Trust Co. v. Manufacturers' Finance Co.,* 280 Fed., 805; *Old Dominion Oil Co. v. Superior Oil Co., supra; Smathers v. Leith,* 92 N. E. Eq., 169.

The complaint is the basis for determining the question of separability. *Chicago Rock Island & Pac. Ry. v. Dowell,* 229 U. S., 102, 113; *Ry. v. Thompson,* 200 U. S., 206; *Ill. Central R. R. v. Sheegog,* 215 U. S., 308; *Staton v. R. R.,* 144 N. C., 135; *Hollifield v. Telephone Co.,* 172 N. C., 714; *Patterson v. Lumber Co.,* 175 N. C., 92; *Hough v. R. R.,* 144 N. C., 700, 702; *Smith v. Quarries Co.,* 164 N. C., 338; *Powers v. R. R.,* 169 U. S., 92; *Chesapeake & Ohio Ry. Co. v. Dixon, supra; R. R. v. Ide,* 114 U. S., 52; *Morganton v. Hutton, supra; Roberts v. Underwood Typewriter Co.,* 257 Fed., 584; *Barney v. Latham, supra; Davis v. Rexford,* 146 N. C., 418, 424; *Thorn, etc., Co. v. Fuller,* 122 U. S., 535; *Tobacco Co. v. Tobacco Co.,* 144 N. C., 352, 367; *Bank v. Hester, supra;* Hughes' Federal Procedure (2 ed.), 320, sec. 120.

Applying the foregoing rules, we are constrained to hold that this cause is removable. There is no citation of authority needed to demonstrate the right of plaintiffs to maintain a separate suit against the movant without the joinder of the Dixie Fire Insurance Company. The cause of action sued on consists of the promise of each defendant, as set forth in its policy of insurance, based upon the consideration paid there-

for, which promise was accepted by the plaintiffs, and the event upon the happening of which the promise becomes absolute, the destruction of property insured by fire has happened, and the failure of each defendant to pay the amount claimed by plaintiff thereon. The defendants are not responsible for the promises of each other, either by way of joint obligation or as surety or guarantor. The coinsurance and prorating clauses in each policy are stipulated methods by which the amount of the liability of each defendant is calculated in the light of other events therein specified; hence, these causes of action are clearly separable and are so separate and distinct that separate actions can be maintained on each policy and complete relief as between the insured and the insurer had in such separate actions without the presence of the other defendant. As a matter of convenience and under the procedure statutes in this State, it is proper to join these defendants. In fact, all insurance companies who have issued policies on the property destroyed are proper parties, but not *necessary* parties. *Pretzfelder v. Ins. Co.*, 116 N. C., 491; *Ayers v. Bailey*, 162 N. C., 211; *Redmon v. Ins. Co.*, 184 N. C., 483; *Bank v. Ins. Co.*, 187 N. C., 97; *Bank v. Assurance Co.*, 188 N. C., 747. In *Pretzfelder v. Ins. Co., supra,* there was a demurrer for misjoinder of causes of action, and the opinion interpreted in the light of this demurrer, and not upon a motion to remove, clearly holds that there was a proper joinder and the demurrer was overruled, and the rule therein announced has been applied without exception since that time.

The plaintiffs also contend that, if separability exists, as contemplated by the removal statute, it was error on the part of the court below to order the action removed in its entirety. Prior to the adoption of the present removal statute, such separation would have been valid, but the present statute operates to remove the suit; the entire suit or action, as styled by our statutes (C. S., 391, 392, 394) as distinguished from the controversy, is removable. *Barney v. Latham, supra.* The reasoning of *Mr. Justice Harlan,* who delivered this opinion, is conclusive. *Connell v. Smiley*, 156 U. S., 335; Hughes' Federal Procedure, (2 ed.), 337; *Hoge v. Canton Ins. Office of Hong Kong*, 103 Fed., 513; *Hyde v. Ruble, supra; Hamilton v. Empire Gas & Fuel Co.*, (C. C. A.), 297 Fed., 422, *certiorari* denied 13 October, 1924, Supreme Court Rep. Vol. 45, p. 92.

Upon the plain language of the removal statute as construed in these well-reasoned authorities, there is no error in the order of removal directing the removal of the entire suit.

Let is be certified that the judgment appealed from is
Affirmed.