F. A. CULP v. THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, E. J. LATTIMORE, W. L. ABERNETHY and DR. J. RUSH SHULL.

(Filed 8 January, 1932.)

**Removal of Causes C b—Petition for removal of cause to Federal Court should have been allowed in this case.**

A life insurance company had several local physicians acceptable to it to make medical examinations of applicants for insurance taken through the soliciting agent, and the applicant in the present case was injured by trying to sit in a defective chair in the physician's office, and brings action for damages against the insurer, a nonresident corporation, its soliciting agent and the local medical examiner whom the insurer paid only a fee for each examination, *Held:* the case should have been removed from the State to the Federal Court upon proper motion of the nonresident insurer for fraudulent joinder of the resident defendants for the purpose of defeating the jurisdiction of the latter court.

APPEAL by defendant, the Lincoln National Life Insurance Company, from *Oglesby, J.,* at June Special Term, 1931, of MECKLENBURG. Reversed.

This action was heard in the Superior Court of Mecklenburg County on plaintiff's appeal from the order of the clerk of said court, removing the action from said Superior Court to the District Court of the United States for the Western District of North Carolina for trial, upon the petition of the defendant, the Lincoln National Life Insurance Company.

From judgment reversing the order of the clerk, and denying its petition for the removal of the action, the defendant, the Lincoln National Life Insurance Company, appealed to the Supreme Court.

*T. L. Kirkpatrick and Shore & Townsend for plaintiff.*
*Cansler & Cansler and M. C. Moysey for defendant.*

CONNOR, J. This action was begun in the Superior Court of Mecklenburg County, North Carolina. On the facts alleged in the complaint as

his cause of action, the plaintiff, a citizen of the State of North Carolina, demands judgment that he recover of the defendants the sum of $25,000. The defendant, the Lincoln National Life Insurance Company, is a corporation, organized and doing business under the laws of the State of Indiana, with its principal office in said state. It is not a citizen of the State of North Carolina. The other defendants are residents and citizens of this State.

In apt time, the defendant, the Lincoln National Life Insurance Company, filed its petition, accompanied by bond as required by law, with the clerk of the Superior Court of Mecklenburg County, for the removal of the action from said court to the District Court of the United States for the Western District of North Carolina, for trial. The petitioner alleged in its petition that the cause of action set out in the complaint against the petitioner as one of the defendants in this action, is separable from the cause of action set out therein against the other defendants. It also alleged that its joinder by the plaintiff with the other defendants in this action was with the fraudulent purpose of depriving the petitioner of its right under the laws of the United States to have the action removed from the State court to the United States Court, for trial.

The facts alleged in the complaint as constituting plaintiff's cause of action against the defendants in this action, are substantially as follows:

On or about 20 March, 1931, the defendant, W. L. Abernethy, acting under the authority of the defendant, E. J. Lattimore, the general agent in this State of the defendant, the Lincoln National Life Insurance Company, solicited the plaintiff for an application to the defendant, the Lincoln National Life Insurance Company, for a policy of insurance on his life. Plaintiff, upon such solicitation, applied to the defendant Insurance Company for a policy of insurance on his life in the sum of $3,000. He was advised by the said W. L. Abernethy that before said application would be considered by the defendant, the Lincoln National Life Insurance Company, a medical examination of the plaintiff was required. Pursuant to this advice, and under the instructions of the defendants, W. L. Abernethy and E. J. Lattimore, plaintiff went to the office of the defendant, Dr. J. Rush Shull in the city of Charlotte, for the medical examination required by the defendant, the Lincoln National Life Insurance Company. After the plaintiff had entered the said office, he sat down in a chair which he found there. Under plaintiff's weight, because of defects in said chair, which plaintiff did not observe and which he could not have discovered before sitting down but which were known to the defendant, Dr. J. Rush Shull, the chair gave way, causing

plaintiff to fall to the floor. As the result of the fall, plaintiff sustained personal injuries from which he has suffered damages in the sum of $25,000.

It is alleged in the complaint that "all the injuries which said plaintiff was caused to sustain and suffer were the direct and proximate result of the wilful, wanton and negligent acts, deeds and conduct of the said W. L. Abernethy, and his codefendant, E. J. Lattimore, the Lincoln National Life Insurance Company, and Dr. J. Rush Shull, and each of them, severally and jointly as *tort-feasors,* in that:

(a) Each of said defendants wilfully, wantonly and negligently failed, refused and neglected to provide said plaintiff with reasonably safe and suitable agencies, appliances, equipment and office in which to be examined;

(b) Each of said defendants wilfully, wantonly and negligently failed, refused and neglected to provide said plaintiff with a reasonably safe chair, equipment, and appliances and place in which to sit after plaintiff was invited into the office aforesaid;

(c) Said defendants and each of them, as joint *tort-feasors,* failed, refused and neglected to inspect and cause the aforesaid chair, equipment and appliances to be inspected before ordering and directing said plaintiff to occupy and sit in said chair;

(d) Said defendants and each of them, as joint *tort-feasors,* failed refused and neglected to warn or cause said plaintiff to be warned of the dangerous condition of said chair as aforesaid, although each of said defendants knew, or by the exercise of ordinary care and prudence on their part could have known, and they did know of the dangerous condition of said chair, before permitting the said plaintiff to occupy and sit in said chair."

In support of its petition for the removal of the action from the State Court to the United States Court, for trial, the petitioner, the Lincoln National Life Insurance Company, alleged in its petition:

"4. That the defendant, E. J. Lattimore, is and was at the times mentioned in the complaint, a so-called 'general agent' of the petitioner within the State of North Carolina, and authorized and licensed by the Insurance Commissioner of said State, through himself and his sub-agents, to solicit and obtain written applications from various citizens of North Carolina for policies of life insurance to be issued by the petitioner, and when such applications are obtained, to forward the same, together with the report of the medical examination attached thereto, to the home office of the petitioner at Fort Wayne, Indiana, for acceptance or rejection, and if accepted and policies issued thereon, to deliver such policies, when sent to the said Lattimore by the petitioner,

to the persons purported to be insured thereunder, and at or before said delivery, to collect the initial premium thereon, and forward the same to the petitioner, less the regular commissions paid by the petitioner to the said Lattimore for his services in either directly or indirectly soliciting and obtaining applications as aforesaid, forwarding the policies to said applicants and collecting the initial premiums thereon as aforesaid, the said Lattimore having no other powers, duties or authority conferred upon him by the petitioner in the premises.

5. That the defendant, W. L. Abernethy, is and was at the times mentioned in the complaint, either a general or soliciting agent of the Massachusetts Mutual Life Insurance Company, an insurance corporation existing, as the petitioner is informed and believes, under and by virtue of the laws of the State of Massachusetts, with like powers, duties and authority from said Massachusetts Mutual Life Insurance Company, as those conferred by the petitioner upon the defendant, E. J. Lattimore, as hereinbefore in paragraph 4 specifically set forth, and as such agent of said Massachusetts Mutual Life Insurance Company the said W. L. Abernethy solicited and obtained from the plaintiff an application for $3,000 of insurance upon his life, to be issued, if approved by the said Massachusetts Mutual Life Insurance Company, said policy to be sent to the said W. L. Abernethy to be delivered to the plaintiff upon the payment of the initial premium thereon. That when the said application was so forwarded by the said W. L. Abernethy to the said Massachusetts Mutual Life Insurance Company, the same was rejected. That when the said W. L. Abernethy notified the plaintiff of said rejection, it was agreed by and between the plaintiff and the said Abernethy that the latter should attempt to broker said insurance through the defendant, E. J. Lattimore, with the petitioner. That thereupon the said Abernethy obtained from the said Lattimore a blank application, etc., for the purpose aforesaid, filled out the same pursuant to the consent and authority of the plaintiff, who thereupon signed the said application. That said W. L. Abernethy then requested the plaintiff to present said application to the defendant, Dr. J. Rush Shull, one of the medical examiners of the petitioner, in order that plaintiff might be examined for a policy of life insurance applied for in said application.

6. That the defendant, Dr. J. Rush Shull, is and was at the times mentioned in the complaint, one of the medical examiners for the defendant company of applicants for policies of life insurance, the said Shull having and maintaining offices for the practice of his profession in the Professional Building in the city of Charlotte. That when applicants for insurance in the defendant company were directed by the agent or agents soliciting applications to be medically examined by the

said Shull, and pursuant to said directions, presented themselves to him in his offices, the said Shull subjected said applicants to such examination by not only physically examining said applicants, but by propounding to them various questions in accordance with the printed form attached to said application for insurance, and writing the applicant's answers to each question and returning same to the home office of the petitioner, for which services in each instance, the said Shull charged and was paid a specified fee by the petitioner, the said Shull having no specific contract of employment as a medical examiner of the petitioner, who had simply designated him as being one of several medical examiners whose examination of applicants for insurance would be accepted and acted upon by the executive officers of the petitioner at its home office in Fort Wayne, Indiana, there being no contractual obligation whatever upon the petitioner to employ the said Shull as a medical examiner for any specific length of time, or to direct all or any applicants for life insurance to the said Shull for examination, and no contractual obligation on the part of the said Shull to examine any applicant for life insurance in the defendant company so directed to him by one of its soliciting agents.

7. That pursuant to the request of the defendant, W. L. Abernethy, hereinbefore referred to, the plaintiff, on 20 March, 1931, as the petitioner is informed and believes, went to the office of the defendant Shull, for the purpose of being medically examined by him, pursuant to the conditions and requirements of the application aforesaid. That finding that said Shull was temporarily absent from his office, the plaintiff, voluntarily and without suggestion from anybody, selected one of four or five chairs in the office to which the plaintiff went, which chair as the petitioner is now informed and believes, had been pushed under the desk of the defendant Shull for the purpose of having same repaired, and when plaintiff undertook to sit upon said chair, the same, as the petitioner is informed and believes, gave way, causing the plaintiff to fall or slide therefrom onto the floor, after which time the defendant Shull came to his office, proceeded to examine the plaintiff in accordance with the terms of the application and printed form of medical examination attached thereto, and after plaintiff was examined and the application forwarded to the petitioner's home office, a policy of insurance in the sum of $3,000 was issued upon the plaintiff's life and returned to the defendant Lattimore, for delivery either directly or indirectly to the plaintiff. That thereafter the said policy was delivered to the plaintiff and he paid the premium thereon."

Although the cause of action alleged in the complaint in this action against the defendant, the Lincoln National Life Insurance Company,

may not be separable from the cause of action alleged therein against its codefendants, we are of the opinion that the facts appearing on the record, taking the facts alleged in the petition for removal as true, lead unerringly to the conclusion that the joinder of the nonresident defendant with its codefendants, was with the purpose of depriving the nonresident defendant of its right, under the act of Congress, to have the action, begun in the State court, removed from said court to the United States Court for trial. The joinder was, therefore, fraudulent in law, and for this reason there was error in the judgment reversing the order of the clerk and denying the petition for removal. *Crisp v. Fibre Co.,* 193 N. C., 77, 136 S. E., 233. The judgment is

Reversed.