W. B. SMITH v. WESTCHESTER FIRE INSURANCE COMPANY, W. B. BARROW AND A. HALL JOHNSTON.

(Filed 14 June, 1933.)

**Removal of Causes C b—Cause is removable if separate cause of action is alleged against nonresident.**

A nonresident is entitled to the removal of the cause to the Federal Court if the complaint fails to state a cause of action against the resident defendant, or, if from an examination of the complaint, it appears that a separate cause of action is alleged against the nonresident, and the mere allegation of concurrent negligence will not defeat the right of removal.

CIVIL ACTION, before *Moore, J.* From HENDERSON.

The plaintiff instituted an action to recover the proceeds of a fire insurance policy issued by the defendant insurance company, insuring the residence of plaintiff, which was destroyed by fire on or about 1 January, 1929. In apt time a petition for removal was filed by the nonresident defendant praying a removal of the cause to the Federal Court upon the ground of separability. The clerk entered an order of removal and upon appeal to the judge of the Superior Court the order of the clerk was approved and the cause removed to the District Court of the United States for the Western District of North Carolina. From the order of removal plaintiff appealed.

*Welch Galloway for plaintiff.*
*R. R. Williams for defendant, Fire Insurance Company.*

PER CURIAM. When a nonresident defendant and a resident of this State are sued in a State court the nonresident is entitled to remove the cause to the Federal Court in the event the complaint fails to state a cause of action against the resident defendant. Even if concurrent negligence is alleged in the complaint, but at the same time it appears from an interpretation and examination of the substance thereof that the charge of concurrent negligence is no more than a hostile gesture or noisy allegation, the right of removal is not thereby defeated or impaired. This Court spoke upon the subject in *Brown v. R. R., ante,* 25. The opinion declares: "But however this may be, in addition to charges of concurrent negligence on the part of both defendants, which the movant says is only a conclusion of the pleader, there is also in the present complaint allegation of negligence on the part of the nonresident defendant alone, sufficient in and of itself to constitute a distinct and independent cause of action, which gives rise to a separable controversy." The *Brown case* rules the case at bar, and the order of removal made by the trial judge is approved.

Affirmed.