CARL C. SHARPE v. SHELL EASTERN PETROLEUM PRODUCTS COMPANY, INC., R. B. GANTT AND HIS WIFE, ELLA H. GANTT, ALLEN STEELE, AND HAROLD BRAWLEY.

(Filed 26 June, 1935.)

**Removal of Causes C b—Motion for removal should have been allowed in this case upon petition showing fraudulent joinder of resident defendants.**

Upon the facts alleged in the petition in this case, plaintiff's motion for removal to the Federal Court should have been allowed for that the facts alleged in the complaint are not sufficient to state a cause of action against the resident defendants, or either of them, and it appearing that the joinder of the resident defendants was fraudulent in that it was made solely to prevent a removal.

APPEAL by the defendant Shell Eastern Petroleum Products Company, Inc., from *Sink, J.,* at January Term, 1935, of IREDELL. Reversed.

This action was heard by the judge of the Superior Court of Iredell County on the appeal of the defendant Shell Eastern Petroleum Products Company, Inc., a nonresident corporation, from an order of the clerk of said court denying the petition of said defendant for its removal from said court to the District Court of the United States for the Western District of North Carolina for trial.

The order of the clerk was affirmed, and the defendant appealed to the Supreme Court of North Carolina.

*Buren Jurney for plaintiff.*
*Scott & Collier and John M. Robinson for defendant.*

CONNOR, J.   There is error in the order of the judge of the Superior Court of Iredell County in affirming the order of the clerk of said court denying the petition of the nonresident defendant in this action for its removal from the Superior Court of Iredell County to the District Court of the United States for the Western District of North Carolina.

On the facts alleged in its petition, the nonresident defendant is entitled to the removal of this action in accordance with its petition, for the reason that the facts alleged in the complaint are not sufficient to constitute a cause of action against the resident defendants, or either of them.   *Brown v. R. R.,* 204 N. C., 25, 167 S. E., 479; *Smith v. Ins. Co.,* 204 N. C., 770, 169 S. E., 658; *Culp v. Ins. Co.,* 202 N. C., 87, 161 S. E., 717.

In *Cox v. Lumber Co.,* 193 N. C., 28, 136 S. E., 254, it is said: "The right of removal by a nonresident defendant with whom the plaintiff has joined a resident defendant cannot be defeated, if such joinder is fraudulent, in that the resident defendant has no real connection with the controversy, but was joined as a defendant with the purpose of preventing a removal from the State to the Federal Court.   If in such case a resident defendant is joined, the joinder, although fair upon its face, may be shown to be only a sham or fraudulent device to prevent a removal; but the showing must be made by a statement in the petition for removal of facts rightly leading to the conclusion apart from the pleader's deductions.   *Swain v. Cooperage Co.,* 189 N. C., 528, 127 S. E., 538."

The order in this action is
Reversed.