## Robinson, Appellant, v. Connell.

*Principal and guarantor—Contract—Guaranty.*

A contract in writing for the sale of corporate bonds which reserves to the seller the right to repurchase the bonds at the price paid for them, in consideration of which he agrees "to guarantee the interest and principal of said bonds while held and in the possession" of the purchaser, is a contract of indemnity.

Argued February 26, 1913. Appeal, No. 401, Jan. T., 1912, by plaintiff, from order of C. P. Lackawanna Co., June T., 1912, No. 567, discharging rule for judgment for want of a sufficient affidavit of defense in case of Mina Robinson v. W. L. Connell. Before Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Assumpsit upon a contract in writing. Before Edwards, P. J.

The contract was as follows:

"Scranton, Pa., April 1st, 1902.

"Whereas Mrs. Mina Robinson has purchased from the undersigned, fifteen thousand dollars ($15,000.00) of the first Mt'g bonds of the Consolidated Telephone Company of Pennsylvania, for the sum of thirteen thousand five hundred dollars ($13,500.00) and accrued interest.

"It being expressly understood and agreed, that the undersigned shall have the right to repurchase the said bonds at the price paid for the same to wit: twelve thousand dollars and accrued interest.

"In consideration thereof, the undersigned agree to guarantee the interest and principal of said bonds while held and in the possession of the said Mrs. Mina Robinson.

"In witness whereof we place our hand and seal this 1st day of April, 1902.

"W. L. CONNELL,
"E. J. ROBINSON."

"In the presence of
"ARCHIE MOSES,
"Interpolation made by
"W. L. CONNELL."

The plaintiff in her statement of claim alleged default on the bonds which she still held in her possession.

The defendant filed an affidavit of defense in which she averred, inter alia, as follows:

The bonds which I sold to the plaintiff, the principal and interest of which I guaranteed, are valid, and the obligor therein, to wit: the Consolidated Telephone Company of Pennsylvania, I am informed is solvent and the bonds are well secured. The plaintiff has made no effort to collect upon the obligations hereinabove mentioned sold by me to her and has used no diligence looking to the recovery from the said Consolidated Telephone Company for the amount secured by the said bonds.

The plaintiff has suffered no loss whatever arising out of the transaction hereinabove mentioned, and defendant avers that no loss is probable in his judgment.

I deny that I am liable to pay Mina Robinson anything whatever for or on account of the subject matter of this transaction.

The court discharged the rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*S. B. Price,* with him *C. B. Price* and *J. H. Price,* for appellant.—It is a rule of Pennsylvania law that where the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the ef-

fect is to pay or discharge the debt of another, his promise is an original undertaking: Nugent v. Wolfe, 111 Pa. 471; Fehlinger v. Wood, 134 Pa. 517; May v. Walker, 20 Pa. Superior Ct. 581; Bailey v. Marshall, 174 Pa. 602; Crawford v. Pyle, 190 Pa. 263; Elkin v. Timlin, 151 Pa. 491; Phipps v. Sharps, 142 Pa. 597.

*H. R. Van Deusen* and *H. C. Reynolds,* for appellee.— The contract was one of guaranty: Zahm v. Bank, 103 Pa. 576; Hartman v. Bank, 103 Pa. 581; Reigart v. White, 52 Pa. 438; Isett v. Hoge, 2 Watts 128; Woods v. Sherman, 71 Pa. 100.

Per Curiam, March 24, 1913:

The majority of the court are of opinion that the contract upon which the appellant brought this action is one of indemnity, and the averments of the affidavit of defense are, therefore, sufficient to prevent judgment. The order discharging the rule for it is affirmed.