Schwartz & Company, Incorporated, Respondent, *v.* Aimwell Company, Incorporated, et al., Appellants.

**Principal and surety — pleading — bond by tenant and surety to pay all mechanics' liens and claims of builders for improvements on premises occupied by tenant — when complaint in action by landlord to recover penalty of bond does not state facts sufficient to constitute a cause of action.**

The defendants, as principal and surety respectively, executed a bond, one of the conditions of which is that the principal therein would "pay, satisfy and discharge all claims of builders, mechanics, materialmen, etc., who shall furnish materials or perform work" in making certain changes upon the property of plaintiff's assignor. The complaint alleges failure to comply with this condition, to which the defendants interposed a demurrer. There is no allegation in the complaint, nor any allegation from which such facts can be inferred, that plaintiff's assignee has sustained or will sustain any damage whatever by reason of such failure and neglect. Nor are there any allegations to the effect that liens have been or are threatened to be filed by reason of such failure. The omission of such allegations renders the complaint defective.

*Schwartz & Co.* v. *Aimwell Co.*, 187 App. Div. 950, reversed.

(Submitted September 30, 1919; decided October 24, 1819.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 4, 1919, which affirmed an order of Special Term overruling demurrers to the complaint.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

The facts, so far as material, are stated in the opinion.

*Otto A. Samuels* and *Horace G. Marks* for appellants. The undertaking is clearly one of indemnity against either actual loss or liability to loss. For the purposes of this appeal it is immaterial which. (*Belloni* v. *Freeborn*, 63 N. Y. 383; *Gamble* v. *Cuneo*, 21 App. Div. 413; 162

N. Y. 634; *Sachs* v. *American Surety Co.*, 72 App. Div. 60; *Richardson* v. *Steuben County*, 226 N. Y. 13; *Nat. Mechanics Assn.* v. *Conkling*, 90 N. Y. 116; *Winters* v. *Judd*, 59 Hun, 32; *Zipp* v. *Fidelity & Deposit Co.*, 73 App. Div. 20; *City of New York* v. *Sexton*, 96 App. Div. 184; *Northern Assur. Co.* v. *Borgelt*, 67 Neb. 282; *American B. & L. Assn.* v. *Waleen*, 52 Minn. 23; *Westcott* v. *Fidelity & Deposit Co.*, 87 App. Div. 497; *Burr* v. *Union Surety Co.*, 107 App. Div. 315.) It being a bond of indemnity, plaintiff must allege actual loss or liability to loss. (*Gilbert* v. *Wiman*, 1 N. Y. 550; *Kohler* v. *Matlage*, 72 N. Y. 259; *Miller* v. *Miller Knitting Co.*, 23 Misc. Rep. 404.)

*Abraham H. Sarasohn* for respondent. The undertaking is clearly an absolute promise to pay any amount unpaid for labor and material of the alteration, and is not merely a promise to indemnify against actual loss or liability to loss. (*Gilbert* v. *Wiman*, 1 N. Y. 554; *Thomas* v. *Allen*, 1 Hill, 146; *Kohler* v. *Matlage*, 72 N. Y. 259; *Bristoe* v. *McBear*, 1 App. Div. 217.) The bond in suit, being a promise to pay and not a mere agreement to indemnify, plaintiff need not allege or prove actual loss or liability in order to maintain action. (*Belloni* v. *Freeborn*, 63 N. Y. 383.) The preamble and the conditions of the bond show upon the face thereof a promise by the obligee to pay for labor and materials therein mentioned; and not a mere indemnity to the obligor against loss or liability. (*McGillis* v. *McGillis*, 154 N. Y. 548; 2 Story on Equity, 1237; *National Wall Paper Co.* v. *Sire*, 163 N. Y. 122; *Rice* v. *Culver*, 172 N. Y. 60; *N. Y. Elevator Supply & R. Co.* v. *Bremer*, 175 N. Y. 520; *Pope* v. *Hecksher*, 190 N. Y. 508; *Tinsley* v. *Smith*, 194 N. Y. 581; 115 App. Div. 708; *Helling* v. *Blumenberg*, 55 Hun, 605; *Monroe* v. *Douglass*, 5 N. Y. 447; *Chapin* v. *Dolson*, 78 N. Y. 74; *Stewart* v. *Mutual Life Ins. Co.*, 155 N. Y. 257.)

McLaughlin, J. The plaintiff, as the assignee of D. A. Schulte, Inc., brings this action to recover the penalty of a bond executed and delivered to it by the defendant Aimwell Company, Inc., as principal, and National Surety Company as surety. The bond is not annexed to or made a part of the complaint, but its essential features are therein set forth. The recitals in the bond are that the aforesaid principal is about to make certain alterations and improvements in the premises at the southeast corner of Main and Elm streets in the city of Bridgeport, Conn., which are occupied under a lease from D. A. Schulte, Inc., and has requested it to consent that such changes be made; that such consent is given on condition that: (a) Aimwell Company, Inc., will pay, satisfy and discharge all claims of builders, mechanics, materialmen, etc., who shall furnish materials or perform work in making such changes; (b) perform the work according to certain plans and specifications; and (c) complete the work by October 15, 1917; that if such conditions be complied with, then the obligation will be of no .effect, otherwise to be in full force. The complaint then alleges that the Aimwell Company, Inc., did not perform one of the conditions specified in the bond, in that it failed and neglected to pay builders, mechanics and materialmen, and others, who performed work and furnished materials to the amount and reasonable value of $8,000, for which sum judgment was demanded. The defendants separately demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrers were overruled. An appeal was then taken by each defendant to the Appellate Division, where the judgment was affirmed and, by permission, they now appeal to this court.

There is no allegation in the complaint, nor any allegation from which such fact can be inferred, that D. A. Schulte, Inc., has or will sustain any damage whatever by reason of the failure and neglect of the Aimwell

Company, Inc., to pay and discharge such claims. Nor are there any allegations to the effect that liens have been or are threatened to be filed by reason of such failure. The omission of allegations to this effect renders the complaint defective. The character and purpose of the bond clearly appear from its terms. The recitals indicate such intent on the part of the parties to it. D. A. Schulte, Inc., was the landlord; Aimwell & Company Inc., the tenant. The tenant desired to make certain alterations in the building occupied by it, and to this end sought the consent of the landlord, which was given on condition, among others, that the Aimwell Company, Inc., with the surety company as surety, would pay and discharge all claims of builders, mechanics, etc. If such claims were not paid, then the persons performing work or furnishing materials might file mechanics' liens against the real estate and thereby obligate the landlord to pay for the same. It was to protect him against this contingency that the bond was given. The penal sum of $8,000 was inserted, not as a penalty to be paid in case of a breach of the condition, nor as liquidated damages, but merely for the purpose of both protecting the landlord and limiting the obligation of the covenantors to that amount.

So far as appears from the complaint, D. A. Schulte, Inc., has no personal interest in the unpaid claims referred to. It has not paid any of them and is not personally liable for their payment. As indicated, no mechanics' liens have been filed, nor are any threatened. Under such circumstances, the plaintiff could not voluntarily pay such claims and then recover the amount paid from the principal or surety on the bond. To enable it to do that there must, as stated in *Village of Argyle* v. *Plunkett* (226 N. Y. 306) be involved somewhere, as an essential element of its right to recover, damages which have or may be suffered by reason of the failure to pay these claims and such element is here utterly lacking.

It follows, there being no allegations in the complaint that D. A. Schulte, Inc., has or is likely to sustain any damage by reason of the breach of the conditions in the bond, or any allegation from which such fact can be inferred, the demurrers should have been sustained.

The orders of the Appellate Division and Special Term should be reversed and the demurrers sustained, with leave to the plaintiff to serve an amended complaint on payment of the costs in all courts.   The question certified is answered in the negative. '

HISCOCK, Ch. J., CHASE and ANDREWS, JJ., concur; HOGAN, CARDOZO and POUND, JJ., dissent.

Orders reversed, 'etc.                  ·.