ETHEL BROWN v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 25 January, 1933.)

1. **Removal of Causes C b—Where complaint fails to state cause of action against resident defendant the cause is removable.**

Where the complaint in a suit against two defendants fails to allege a cause of action against the resident defendant, the cause is removable to the Federal Courts upon motion of the nonresident defendant, the jurisdictional amount being established.

2. **Same—Where complaint states joint cause and also independent cause against nonresident the cause is removable.**

The question of whether a cause of action is joint or separable is to be determined by the manner in which the plaintiff has elected to state his cause of action, the allegations of the complaint being controlling in this respect, but where in addition to alleging a joint action against both the resident and nonresident defendants the complaint also alleges facts sufficient to constitute an independent action against the nonresident defendant, a separable controversy arises and the cause is removable to the Federal Court upon motion of the nonresident defendant, the effect being to carry the entire cause to the Federal Court.

3. **Same—Complaint in this case held to state an independent cause of action against nonresident, and cause was removable.**

Where the complaint in an action against a resident defendant and a nonresident railroad company alleges that the plaintiff was injured by the joint negligence of both defendants and also alleges that the nonresident defendant allowed its train to coast down hill while approaching a crossing, that the tracks were hidden by an embankment in a deep cut on a curve, that the driver of the wagon in which the plaintiff was riding as a guest could not have seen or heard the approach of the train, and that the engineer, upon seeing the heads of the horses pulling the wagon, gave an untimely signal which caused the horses to rear up and stop on the track, resulting in the injury: *Held*, the complaint states an independent cause of action against the nonresident defendant in addition to the joint cause alleged against both defendants, and the cause is removable to the Federal Court upon motion of the nonresident.

APPEAL by defendant, Southern Railway Company, from *Schenck, J.*, at July Term, 1932, of CLEVELAND.

Civil action to recover damages for alleged negligent injury, brought against Southern Railway Company, a corporation chartered under the laws of the State of Virginia, and William Thomas Tessener, citizen and resident of Cleveland County, North Carolina.

Motion by nonresident corporate defendant to remove cause to the District Court of the United States for the Western District of North Carolina for trial. Motion allowed by the clerk, but reversed on appeal by the judge of the Superior Court, from which latter ruling the movant appeals.

*J. Allen Austin for plaintiff.*
*Ryburn & Hoey for defendant, Railway Company.*

STACY, C. J. The petition for removal, besides showing the presence of the requisite jurisdictional amount, asserts a right of removal on the ground of diverse citizenship, and alleges (1) fraudulent joinder; (2) separable controversy, if, indeed, any cause of action be alleged against the resident defendant; and (3) no valid, subsisting cause of action set up against resident defendant.

It is alleged that plaintiff was injured while a guest in W. T. Tessener's two-horse wagon which was struck by a passenger train of the Southern Railway Company at a crossing about two miles from Shelby in Cleveland County, 20 October, 1931. The negligence alleged against the Railway Company is that the track at this crossing was so constructed as to leave a high embankment on a sharp curve, which obstructed the view of a traveler approaching the crossing on the public highway, and, on the occasion in question, the defendant's servants permitted the train to coast down grade, through a deep cut, and approach said crossing with very little, if any, noise, and when within about 100 feet of the crossing, upon seeing the heads of the horses over the embankment, the engineer gave an untimely distress signal which frightened said horses and caused them to rear up and stop on the railroad track. Both horses were killed and the plaintiff was severely injured.

With respect to the resident defendant, it is alleged that "Tessener had no knowledge whatever of an approaching train until he first heard the distress signal, and, at that time, his view of the approaching train was totally obstructed by said embankment."

True, it is also alleged that Tessener negligently failed to "stop, look or listen" before driving upon the crossing, but if he could neither see nor hear the approaching train, as previously alleged, and was unable to save his horses from death and the plaintiff from injury, it would seem that the alleged negligence of the corporate defendant and not that of Tessener was the proximate cause of plaintiff's injury. *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761; *Construction Co. v. R. R.,* 184 N. C., 179, 113 S. E., 672. Compare *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598.

It is well settled that a suit brought in a State court against two defendants, one a citizen of the same State as the plaintiff, and the other, a nonresident, is removable to the Federal Court by the nonresident defendant, if the complaint fail to state a cause of action against the resident defendant, or if the charge of concurrent negligence be a mere *brutum fulmen. M'Intyre v. So. Ry. Co.,* 131 Fed., 985; *Overton*

*v. R. R.,* 202 N. C., 848, 163 S. E., 808; *Wright v. Utility Co.,* 198 N. C., 204, 151 S. E., 241; *Simmons v. Insurance Co.,* 196 N. C., 667, 146 S. E., 569; *Hancock v. Missouri-Kansas-Texas R. Co.,* 28 Fed. (2d), 45; 4 Hughes Federal Practice, sec. 2332, page 116.

But however this may be, in addition to charges of concurrent negligence on the part of both defendants, which the movant says is only a conclusion of the pleader, there is also in the present complaint allegation of negligence on the part of the nonresident defendant alone, sufficient in and of itself to constitute a distinct and independent cause of action, which gives rise to a separable controversy. 54 C. J., 296; *Kelly v. Robinson,* 262 Fed., 695; *Cayce v. So. Ry. Co.,* 195 Fed., 786; *M'Intyre v. So. Ry. Co., supra.*

Speaking to the subject in *Gulf & S. I. R. Co. v. Gulf Refining Co.,* 260 Fed., 262, *Holmes, District Judge,* delivering the opinion of the Court, said: "While it is true that a defendant has no right to say that an action shall be several which a plaintiff elects to make joint, yet if the complaint fails to allege facts showing a joint cause of action, or alleges facts showing separate causes, or fails to allege facts showing any cause of action against the resident defendant, then there is a separable controversy which entitles the nonresident defendant to remove."

The following is the holding in *So. Ry. Co. v. Edwards,* 115 Ga., 1022, 42 S. E., 375, as stated in the syllabus, which, under the practice in that state, is prepared by the Court: "Although there may, in a suit against two or more defendants, one of whom is a nonresident, be charges of concurrent negligence against all, yet if there be also a distinct charge of negligence against the nonresident alone, sufficient in and of itself to give rise to a cause of action, the case is one involving a separable controversy between citizens of different states, and therefore removable to the proper United States Court."

That one who is riding in a vehicle, the driver of which is not his agent or servant, nor under his control, and who is injured by the joint or combined negligence of a third party and the driver, may recover of either or both, upon proper allegation, is fully established by our own decisions and the great weight of authority elsewhere. *Ballinger v. Thomas, supra,* and cases there cited.

When the motion to remove is made on the ground of an alleged separable controversy, the question is to be determined by the manner in which the plaintiff has elected to state his cause of action, and for this purpose, the allegations of the complaint are controlling. *Crisp v. Fibre Co.,* 193 N. C., 77, 136 S. E., 238. "The complaint is the basis of determining the question of separability"—*Varser, J.,* in *Timber Co. v.*

*Insurance Co.,* 190 N. C., 801, 130 S. E., 864. But where, in addition to the allegation of concurrent negligence on the part of both defendants, there is also a distinct allegation of negligence on the part·of the nonresident defendant, sufficient in and of itself to constitute an independent cause of action, a separable controversy arises upon this latter allegation which entitles the nonresident defendant to remove. 4 Hughes Federal Practice, sec. 2377, page 188.

In a case where removal is proper, the effect is to carry the entire cause into the Federal Court for trial. *Timber Co. v. Insurance Co., supra.* There was error in reversing the clerk's order of removal.

Reversed.