GURNEY P. HOOD, Commissioner of Banks, et al. v. H. S.
RICHARDSON et al.

(Filed 26 June, 1935.)

1. **Removal of Causes C b—Complaint in action against several defendants for statutory bank stock liability held to state separable controversies.**

   A complaint against a corporation and several individuals, alleging that the corporation was the owner of stock of a domestic bank at the time the bank was closed because of insolvency, and that the corporation was a mere "dummy," and that the individual defendants were the beneficial or equitable owners of the shares of stock, and alleging liability for the statutory assessment on the bank stock on the part of the corporation and proportionately on the part of the individuals, *is held* to state a separable controversy as to the corporation and the individuals within the meaning of the Judicial Code, and motions of the nonresident defendants for removal to the Federal Court upon petitions showing the requisite jurisdictional amount should be allowed.

2. **Removal of Causes E a—**

   A single separable controversy between citizens of different states, upon motion to remove, carries the whole cause to the Federal Court, and, therefore, when one such separable controversy exists it is unnecessary to consider additional alleged separable controversies.

3. **Removal of Causes C b—**

   The fact that a complaint is good as against a demurrer for misjoinder of parties and causes is not a test of whether the complaint alleges separable controversies within the meaning of the Judicial Code.

Appeal by defendants from *Alley, J.,* at October Term, 1934, of Guilford.

Civil action to determine liability of defendants for certain alleged stock assessments by reason of alleged ownership, legal or equitable, of shares of stock in the North Carolina Bank and Trust Company, brought by the Commissioner of Banks against three nonresident and six resident defendants.

Motions by nonresident defendants, Mrs. C. F. Chapin, Piedmont Financial Company, Inc., and H. S. Richardson, to remove cause to the District Court of the United States for the Middle District of North Carolina for trial. Motions allowed by the clerk of the Superior Court and reversed on appeal by the judge of the Superior Court.

From this latter ruling the movants appeal, assigning errors.

*Brooks, McLendon & Holderness for plaintiffs.*

*James F. Hoge, Clyde R. Hoey, Frazier & Frazier, and Huger S. King for defendants.*

11—208

STACY, C. J. The petitions for removal, in addition to showing the presence of the requisite jurisdictional amounts, assert rights of removal on grounds of diverse citizenship and separable controversies.

The complaint, in part, in substance alleges:

1. That H. S. Richardson is a resident of Connecticut; Mrs. C. F. Chapin a resident of New York; Piedmont Financial Company, Inc., a Delaware corporation, and that the remaining defendants are residents of this State.

2. That the North Carolina Bank and Trust Company, a banking institution, was organized under the laws of this State by the merger of certain other banking institutions, etc. That it ceased to do business on 20 May, 1933.

3. That on 22 June, 1933, the plaintiff Commissioner of Banks, by authority of law, levied a 100 per cent stock assessment against all the stockholders of the North Carolina Bank and Trust Company, including an assessment of $274,580 against the Piedmont Financial Company, it appearing as the owner of 27,458 shares of stock upon the books of the bank.

4. That in reality the said Piedmont Financial Company was never anything more than a "dummy," that it is insolvent, and that the defendants H. S. Richardson, Piedmont Financial Company, Inc., and L. Richardson are the real owners of 22,208 shares of said stock, and, as such, are liable for $222,080 of said assessment; Mrs. C. F. Chapin is the real owner of 1,500 shares of said stock, and, as such, is liable for $15,000 of said assessment, and the other defendants are the real owners of the remainder of said stock in varying amounts, and, as such, are liable for the balance of said assessment.

The gravamen of the complaint against Mrs. C. F. Chapin is, that she is the equitable owner of 1,500 shares of stock in the North Carolina Bank and Trust Company, standing in the name of Piedmont Financial Company upon the books of the bank, and, as such, is liable to the plaintiff for the stockholders' assessment levied thereon. The prayer is, that the plaintiff recover of her the sum of $15,000 by reason of such ownership and assessment. This is a separable controversy within the meaning of the Judicial Code. *Wright v. Ankeny,* 217 Fed., 985; *Calderhead v. Downing,* 103 Fed., 27. It is between citizens of different states. Hence, the cause is removable. *Timber Co. v. Ins. Co.,* 190 N. C., 801, 130 S. E., 864.

Likewise, the allegation against the Piedmont Financial Company, Inc., is that it is the real owner of 22,208 shares of stock in the North Carolina Bank and Trust Company, standing in the name of Piedmont Financial Company upon the books of the bank, and, therefore, liable to the plaintiff for the stockholders' assessment levied thereon. The prayer

is, that the plaintiff recover of it the sum of $222,080 by reason of such ownership and assessment. This is also a separable controversy between citizens of different states within the meaning of the Judicial Code.

A single separable controversy between citizens of different states, upon motion to remove, carries the whole cause to the Federal Court for trial. *Brown v. R. R.,* 204 N. C., 25, 167 S. E., 479. Therefore, consideration of additional alleged separable controversies is pretermitted as being presently supererogatory.

The fact that the complaint tells a connected story and may be good as against a demurrer, *Trust Co. v. Peirce,* 195 N. C., 717, 143 S. E., 524, is not the test of inseparability on motion to remove.

Reversed.