This is an action for actionable negligence, brought by plaintiff against all of the defendants as joint tort-feasors, alleging damage.
Wachovia Bank and Trust Company, as executor of E. D. Vaughn, commenced an action in the Superior Court of Forsyth County against the Southern Railway Company, J. H. Richardson, and J. P. Stanton, *Page 306 
seeking to recover for the alleged wrongful death of E. D. Vaughn, who was killed by a passenger train of the defendant Southern Railway Company at the Fifth Street crossing in the city of Winston-Salem, N.C. on 11 April, 1934.
The plaintiff Wachovia Bank and Trust Company, executor, J. H. Richardson, and J. P. Stanton are residents of North Carolina; the Southern Railway Company is incorporated under the laws of the State of Virginia. J. H. Richardson was the engineer of the train which struck the deceased and J. P. Stanton was the crossing watchman, and according to the complaint (liberally construed) he was on duty at the Fifth Street crossing.
The plaintiff alleges the negligence of the defendants in substance: That J. P. Stanton was acting as watchman for the Southern Railway Company at the crossing where plaintiff's testator was killed, in compliance with the requirements of an ordinance of the city of Winston-Salem that a watchman be stationed at this crossing between the hours of 6:00 a.m. and 12:00 at night; that at the time in question the defendant Stanton was on duty at the crossing and was in the house erected for the watchman, and did not warn the plaintiff's testator of the approaching train, and that deceased, relying on Stanton to warn him, started across the tracks; that the watchman Stanton failed to keep a proper lookout for either the train or pedestrians and traffic, and did not emerge from his shelter or rest house until about the time the train was entering the intersection, and was too late for the deceased to be warned of the danger by seeing or hearing the watchman Stanton; that the watchman Stanton was negligent in not warning plaintiff's testator; that J. H. Richardson, the engineer, carelessly and negligently failed to blow any whistle or ring a bell, or give any other warning of the approach of the train, and proceeded at a high, unlawful, and excessive rate of speed into and upon and across the said intersection and struck the said E. D. Vaughn in the back when he was looking in a southeasterly direction and when he was almost across the said intersection, causing injuries from which he died almost immediately thereafter. That the engineer "failed and neglected to keep any lookout for pedestrians. . . . That the defendant Southern Railway Company, its officers, agents, and servants, had the last clear chance to avoid a collision. . . . That the collision was caused by no fault or negligence on the part of the plaintiff's testator, but was due to and proximately arose on account of the careless and negligent conduct of the defendants Southern Railway Company and J. H. Richardson, and J. P. Stanton."
The defendant Southern Railway Company, in apt time, petitioned the clerk of Superior Court of Forsyth County to remove the case to the United States District Court. This was denied. The Southern *Page 307 
Railway Company appealed to the judge of the Superior Court of Forsyth County, and the petition was again denied, and the defendant excepted, assigned error, and appealed to the Supreme Court. While the matter was pending in the Supreme Court the defendant J. P. Stanton was permitted to file a demurrer, and is now before this Court on a demurrer to the plaintiff's complaint on the grounds that it states no cause of action against him.
The defendant Southern Railway Company contends: "That no cause of action is stated against the crossing watchman, Stanton (although the allegations of his negligence state a cause of action against the Southern Railway Company). From this it follows that there is a fraudulent joinder of the crossing watchman. With the crossing watchman out of the case, a separable controversy exists between the plaintiff and the Southern Railway Company which entitles the Southern Railway Company to remove this case to the United States District Court." We cannot agree with the contentions of defendant, the Southern Railway Company.
The present action is not founded on contract, but is an action for actionable negligence, instituted against all three defendants as joint tort-feasors.
In Tudor v. Bowen, 152 N.C. 441 (443), it is said: "Negligence is essentially relative and comparative. The legal duty we owe to others is the accepted standard, and that duty is measured by the exigencies of the occasion."
"`The term "negligence" has been defined by the Federal Supreme Court to be the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done. The essence of the fault may lie in omission or commission. The duty is dictated and measured by the exigencies of the situation. Negligence has always relation to the circumstances in which one is placed, and what an ordinarily prudent man would do or omit in such circumstances. Charnock v. Texas R. R. Co.,194 U.S. 432, 48 L.Ed., 1057.' 2 Roberts Federal Liabilities and Carriers (2d Ed.) (1929), sec. 811, pp. 1558-9." Hamilton v. R. R.,200 N.C. 543 (555). *Page 308 
In the religious realm the duty is thus stated: "We have left undone those things, which we ought to have done; And we have done those things which we ought not to have done; And there is no health in us."
It is well settled that a party injured can sue any or all joint tort-feasors for actionable negligence.
In White v. Realty Co., 182 N.C. 536, at p. 538, is the well settled law in this State: "But if any degree, however small, of the causal negligence, or that without which the injury would not have occurred, be attributable to the defendant, then the plaintiff, in the absence of any contributory negligence on his part, would be entitled to recover; because the defendant cannot be excused from liability unless the total causal negligence, or proximate cause, be attributable to another or others. `When two efficient proximate causes contribute to an injury, if defendant's negligent act brought about one such cause, he is liable,' Wood v. PublicService Corp., 174 N.C. 697, and cases there cited."
It is conceded in the brief of defendant Southern Railway Company that whether or not a cause of action is stated against the watchman Stanton is to be determined by the law of this State. Chicago, R. I. P. R. Co. v.Schwyhart, 227 U.S. 184.
It may not be amiss to say that the decisions of other jurisdictions are persuasive, but not binding on us. Whatever may be the holdings in other jurisdictions, in this State an agent or servant, under proper allegations of negligence, which is the proximate or one of the proximate causes of the injury, plaintiff being free from blame, and proof to that effect, is liable to third parties for acts of malfeasance or nonfeasance — commission or omission — done in the scope of his employment. Swainv. Cooperage Co., 189 N.C. 528; Crisp v. Fibre Co., 193 N.C. 77; Givensv. Mfg. Co., 196 N.C. 377. The cases of Mitchell v. Durham, 13 N.C. 538, and Brown v. R. R., 204 N.C. 25, cited by defendant appellants, is distinguishable, and the case of Minnis v. Sharpe, 198 N.C. 364, is not contrary to the position here taken.
In Barber v. R. R., 193 N.C. 691 (693), the charge of the court below was approved, which is as follows: "Our law has also said that where a railroad company maintains a flagman at a railroad crossing, whether voluntarily or by law or custom, the public generally has a right to presume that this safeguard will be reasonably maintained and attended to, and in the absence of knowledge to the contrary, the fact that the flagman is absent from his post, or, if present, is not giving the warning of danger, is an assurance of safety and an ample invitation to cross, upon which a traveler familiar with the crossing may rely and act, within reasonable limitations, on the presumption that it is safe for him to go on the crossing." Russell v. Railroad, 118 N.C. 1098 (1109); Cooper v.Railroad, 140 N.C. 209; Shepard v. Railroad, 166 N.C. 539; Parker v.Railroad, 181 N.C. 95. *Page 309 
In 18 R. C. L., p. 818, sec. 272, the editor has this to say about this doctrine of nonfeasance: "Under the general rule of agency, an agent is not liable upon contracts which he makes for his principal, and some such idea of nonliability seems to be the foundation of this doctrine. . . . (p. 819) In recent times much criticism has been directed at this `attenuated refinement,' as it has been termed; and the tendency is to repudiate the doctrine of nonliability for nonfeasance, and hold the employee accountable whether his act is properly to be described as misfeasance or nonfeasance." We quote the editor of a note in 20 A.L.R., 97, p. 99, as follows: "An agent who violates a duty which he owes to a third person is answerable to such person for the consequences, whether it be an act of malfeasance, misfeasance, or nonfeasance. Stated in this form, there is probably no case to be found to the contrary. But the doctrine laid down by some text-writers, founded on Lord Holt's dictum in Lane v. Cotton, 1701, 12 Mod., 488, 88 Eng. Reprint, 1466, has caused much confusion in the decisions over a fictitious distinction between acts of malfeasance and misfeasance and those of nonfeasance. . . . Many of the later cases have, however, abandoned it, as have also most of the recent text-writers."
In Jaggard, Torts, 1895, Vol. 1, p. 289, it is said: "The futility of such reasoning on the word `nonfeasance' appears fully from the lack of definiteness of the meaning to be given the term. This solemn legal jugglery with words will probably disappear `if the nature of the duty incumbent upon the servant be considered.' If the servant owe a duty to third persons, derived from instrumentality likely to do harm or otherwise, and he violates that duty, he is responsible. His responsibility rests on his wrongdoing, not on the positive or negative character of his conduct. A wrongful omission is as actionable as a wrongful commission. A driver who injures a third person by his negligence is liable." Lough v. John Davis Co., 59 L.R.A., 802 (Wash.), 1902, at page 804.
In the case of Burrichter v. Chicago, M. St. P. Ry. Co., 10 Fed. (2), 165 (Minn., 1925), plaintiff sued railroad and flagman for injuries received at a crossing. The only negligence alleged was the failure of the crossing watchman to warn. The case was appealed on the ground that no cause of action was alleged against the flagman and that the railroad was entitled to have the case removed. Petition to remove to United States District Court was denied. We quote from the opinion, at page 167, as follows: "In this case the complaint alleges a duty on the part of Ryder (watchman) to warn persons who might be using the public crossing of the approach of the defendant railway's car. This duty was not solely a duty to his master, but was clearly a duty to the public as well. For a failure to properly perform, or a failure to *Page 310 
perform it at all, he would be liable." This case also cites with approvalMorey v. Shenango Furnace Co., 112 Minn. 528 (529), 127 N.W. 1134, as follows: "This Court has accepted the view that if a servant owes a duty to a third person, and violates that duty, he is responsible because of his wrongdoing, and not because of the positive or negative character of his conduct."
In the case of Hough v. Railroad, 144 N.C. 692, a train dispatcher and telegraph operator were held liable to third parties for failure to properly give orders to the engineer, resulting in a train collision. This is a square holding that railroad employees are liable to third parties for negligence in performance of their duties for which they are employed, and we think the defendant Stanton comes within this rule.
The cases are too numerous to cite which involve accidents and in which the employees of the railroad were held liable for a failure to keep a lookout at the crossing and to warn the plaintiffs, either by horn, bell, whistle, light, or other manner, the employees being engineer, conductor, flagman, fireman, or watchman.
The complaint alleges a joint tort action against J. P. Stanton, and, we think, under the factual situation, rightly so. It seems too well settled that the complaint, having alleged a joint action in tort between the engineer and the Southern Railway Company, that the action is not removable, and there is no separable controversy between the engineer and the Southern Railway Company.
This matter is thoroughly discussed in Morganton v. Hutton, 187 N.C. 736
(739), as follows: "In R. R. Co. v. Herman, 187 U.S. 63, it is held: `While an action commenced in a state court against two defendants, one of whom is a resident and the other a nonresident, may be removed to a Circuit Court of the United States by the nonresident defendant if it can be shown that the cause of action is separable and the resident defendant is joined fraudulently for the purpose of preventing the removal of the cause to the Federal Court, such removal cannot be had if it does not appear that the resident defendant is fraudulently joined for such purpose.' The question of the nature of the controversy is governed by the complaint. Whether there is separable controversy is determined by the complaint. Staton v. R.R., 144 N.C. 135; Hollifield v. Telephone Co., 172 N.C. 714; Pattersonv. Lumber Co., 175 N.C. 90 (92). And the plaintiff is entitled to have his cause of action considered as stated in complaint. Hough v. R. R.,144 N.C. 700, 702; Smith v. Quarries Co., 164 N.C. 338; Powers v. R. R.,169 U.S. 92; 179 U.S. 135; 200 U.S. 206. In Powers v. R. R.,169 U.S. 92, it is said: `A separate defense cannot create a separate controversy or deprive the plaintiff of the right to prosecute his own suit to a final determination in his own way, for the cause of action is the subject matter of *Page 311 
the controversy and is what the plaintiff alleges.' Cited in 194 U.S. 138. Also, in R. R. v. Ide, 114 U.S. 52, it is said: `A defendant cannot make an action several which a plaintiff has elected to make joint.'" Bankv. Hester, 188 N.C. 68; Moses v. Morganton, 192 N.C. 102.
This matter was settled beyond question long ago in Morganton v. Hutton,supra, and in Alabama Southern Ry. v. Thompson, 200 U.S. 206. In that case an action was brought by the administrator of Florence Jones against the railroad and Wm. H. Mills, as conductor, and Edgar Fullar, as engineer, for actionable negligence. The defendant corporation was organized under the laws of Alabama and the conductor and engineer and plaintiff were citizens of Tennessee, where the action was brought. The opinion (a long one), covering every phase of the law and citing a wealth of authorities, at p. 217, says: "In other words, the right to remove depended upon the case made in the complaint against both defendants jointly, and that right, in the absence of a showing of fraudulent joinder, did not arise from the failure of the complainant to establish a joint cause of action." At pp. 218-19, speaking to the subject, it is said: "Does this become a separable controversy within the meaning of the act of Congress because the plaintiff has misconceived his cause of action and had no right to prosecute the defendants jointly? We think, in the light of the adjudications above cited from this Court, it does not. Upon the face of the complaint, the only pleading filed in the case, the action is joint. It may be that the state court will hold it not to be so. It may be, which we are not called upon to decide now, that this Court would so determine if the matter shall be presented on a case of which it has jurisdiction. But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal. The case cannot be removed unless it is one which presents a separable controversy wholly between citizens of different states. In determining this question the law looks to the case made in the pleadings, and determines whether the state courts shall be required to surrender its jurisdiction to the Federal Courts." Southern Railway Co. v.Lloyd, 239 U.S. 496.
In Crisp v. Fibre Co., 193 N.C. 77, at p. 85, it is said: "The facts alleged in the petition for removal neither compel nor point unerringly to the conclusion that the joinder in the instant case is a fraudulent one and made without right. We hold, therefore: (1) That when a motion to remove a suit or action from the state court to the District Court of the United States for trial is made on the ground of an alleged separable *Page 312 
controversy, the question of separability is to be determined by the manner in which the plaintiff has elected to state his cause of action, whether separately or jointly, and, for this purpose, the allegations of the complaint are controlling. Morganton v. Hutton, 187 N.C. 736. (2) That when the motion to remove is made on the ground of an alleged fraudulent joinder, the petitioner is entitled to have the state court decide the question on the face of the record, taking, for this purpose, the allegations of the petition to be true. To warrant a removal in such case, however, the facts alleged in the petition must lead unerringly to the conclusion, or rightly engender and compel the conclusion, as a matter of law, aside from the deductions of the pleader, that the joinder is a fraudulent one in law and made without right. Fore v. Tanning Co.,175 N.C. 584." Cowart v. Suncrest Lumber Co., 194 N.C. 787;Hurt v. Mfg. Co., 198 N.C. 1.
The cases cited by the Southern Railway Company of Johnson v. LumberCo., 189 N.C. 81, and Cox v. Lumber Co., 193 N.C. 28, are distinguishable from the present action. We think the entire complaint as to J. P. Stanton, construed liberally, shows that he at the time of plaintiff's testator's death was on duty, as required by the ordinance and his employment by the railroad company, but not actually at the crossing where he, in the exercise of due care, was required to be, and a cause of action is stated against him.
For the reasons given, the demurrer of J. P. Stanton cannot be sustained. On the record, for the reasons given, the judgment of the court below is
Affirmed.