MISS EVELYN RUCKER v. SNIDER BROTHERS, INC., J. W. KLUTTZ,
        AND MANER MOTOR TRANSIT COMPANY.

(Filed 25 November, 1936.)

1. **Removal of Causes C b—Complaint held to state joint cause against
   defendants, and nonresident's motion for removal was properly denied.**

   A complaint alleging that plaintiff's injuries were the result of a
   collision between a truck owned by a resident defendant and a truck
   owned by the nonresident defendant, and that the collision was caused by
   the joint and concurrent negligence of the resident drivers of the trucks,
   states a joint cause against the defendants, and the nonresident defend-
   ant's motion to remove for separable controversy and diversity of citizen-
   ship is properly denied.

2. **Same—**

   Upon a petition for removal of a cause from the State to the Federal
   Court on the ground of diversity of citizenship and separable controversy,
   the allegations of the complaint determine whether the cause alleged is
   joint or separable.

APPEAL by defendant Maner Motor Transit Company from *Shaw,
Emergency Judge,* at June Term, 1936, of MECKLENBURG. Affirmed.

Petition for removal to United States District Court on the ground of
diversity of citizenship and separable controversy. The ruling of the
clerk denying the petition was affirmed by the judge of the Superior
Court, and petitioner appealed to this Court.

*Carswell & Ervin for plaintiff, appellee.*
*C. H. Gover, William T. Covington, Jr., and Hugh L. Lobdell for
defendant, appellant.*

PER CURIAM. The plaintiff alleged a personal injury caused by the
joint negligence of each of the defendants in the operation of motor
vehicles on the highway, setting out the facts and claiming damages in
the sum of ten thousand dollars. The plaintiff and the defendants
Snider Brothers, Inc., and J. W. Kluttz, are residents of North Caro-
lina, and the appellant is a Georgia corporation.

The complaint alleges that the truck of defendant Snider Brothers,
Inc., and that of appellant collided, due to negligence of both, and that
as proximate result of joint and concurring negligence of both, plaintiff
was struck and injured.

Upon a petition for removal to the Federal Court on the ground of
separable controversy, the plaintiff is entitled to have her cause of action
considered as stated in her complaint, and the motion must be deter-
mined by the facts therein set forth. *Moses v. Morganton,* 192 N. C.,

102; *Crisp v. Fibre Co.,* 193 N. C., 77; *Brown v. R. R.,* 204 N. C., 25; *Trust Co. v. R. R.,* 209 N. C., 304; *R. R. v. Dixon,* 179 U. S., 131.

The facts alleged in the instant case are distinguishable from those on which the decision in *Brown v. R. R., supra,* was based.

It is obvious that plaintiff has here alleged a cause of action based upon the joint and concurring negligence of both resident and nonresident tort-feasors, at the same time and place, and that the complaint does not show a separable controversy.

The petition for removal was properly denied.

Affirmed.