ROBERT S. BURLESON v. J. F. SNIPES, TRADING AS J. F. SNIPES MOTOR COMPANY, AND C. I. T. CORPORATION.

(Filed 17 March, 1937.)

**Removal of Causes § 4a—Complaint held to show separable controversy, and nonresident's petition for removal was properly granted.**

    A complaint alleging that plaintiff purchaser gave the seller a title retaining contract, to which the certificate of title was attached, for balance due on the purchase price of the truck, that the contract was sold and assigned to a nonresident, who failed and refused to surrender the certificate of title upon the completion of the payment of the purchase price, *is held* to show a separable controversy, and the nonresident's petition to remove was properly granted.

APPEAL by plaintiff from judgment rendered by *Rousseau, J.,* 15 January, 1937, AVERY County. Affirmed.

Petition by defendant C. I. T. Corporation, a West Virginia corporation, for removal of the cause of action as to it to the District Court of the United States for the Western District of North Carolina, on the ground of separable controversy involving more than three thousand dollars, heard upon appeal from the clerk, who had denied removal. Proper bond was filed.

The judge below reversed the ruling of the clerk, adjudging that petitioner was entitled to remove.

Plaintiff appealed.

*J. V. Bowers and Charles Hughes for plaintiff.*
*Harkins, Van Winkle & Walton for defendant.*

PER CURIAM. It has been uniformly held by this court that the right of removal of a cause from a state court to the United States Court on the ground of separable controversy must be determined by the facts set forth in the complaint. *Timber Co. v. Ins. Co.,* 190 N. C., 801; *Hughes v. R. R.,* 210 N. C., 730; *Rucker v. Snider Bros.,* 210 N. C., 777. In the instant case the complaint alleges a cause of action against the resident defendant Snipes and the petitioner for damages for failure to surrender an automobile title certificate. The plaintiff alleges that this certificate had been attached to a title retention contract given by him to defendant Snipes to secure the balance due upon the purchase of a motor truck, and that the defendant Snipes sold and assigned said title retention contract, with the certificate attached, to the defendant C. I. T. Corporation; and that upon payment of the balance due on his debt to

the C. I. T. Corporation the latter wrongfully failed and refused to surrender to the plaintiff the title certificate, causing substantial damage to him.

It is manifest that plaintiff has alleged as to the petitioner a cause of action independent and distinct from the resident defendant, and that the petitioner is entitled to have same removed to the United States Court. *Brown v. R. R.*, 204 N. C., 25; *Crisp v. Fibre Co.*, 193 N. C., 77; *Timber Co. v. Ins. Co., supra.*

The judgment below is
Affirmed.