CLARK HALL, ADMINISTRATOR OF THE ESTATE OF LEE HALL, v. KENTUCKY-VIRGINIA STONE COMPANY AND PAUL McCURRY, LON LAMBERT, AND ERNEST GALLOWAY.

(Filed 13 October, 1937.)

**Removal of Causes § 4a—Complaint held to state joint cause, and petition for removal was properly denied.**

A complaint alleging that plaintiff's intestate was riding in a truck which was being negligently driven at an unlawful speed, and that the truck collided with another truck which was negligently and unlawfully parked on the highway, resulting in the death of intestate, and that the accident was the result of the concurrent negligence of the drivers, *is held* to state a cause of action for joint negligence, and petition of the non-resident defendants to remove to the Federal Court was properly denied, the cause of action as stated in the complaint being determinative on the question of separable controversy.

APPEAL by petitioners from *Alley, J.,* at June Special Term, 1937, of YANCEY. Affirmed.

This was a petition for removal to the United States District Court by the defendants Kentucky-Virginia Stone Company and Lon Lambert on the ground of diversity of citizenship and separable controversy. From judgment denying the removal, petitioners appealed to this Court.

---

ALLEN v. STONE CO.

---

*Charles Hutchins and E. L. Briggs for plaintiff, appellee.*
*Jones & Ward and J. M. Horner, Jr., for defendants, appellants.*

PER CURIAM. The complaint alleges that the death of the plaintiff's intestate was caused by the joint negligence of the defendants in the operation of two trucks on the public highway. The plaintiff and the defendants Ernest Galloway, Paul McCurry, and Lon Lambert, according to the allegations of the complaint, are residents of North Carolina, and the defendant Kentucky-Virginia Stone Company is a nonresident corporation.

The complaint alleges that the plaintiff's intestate received fatal injuries as a result of a collision of the truck in which he was riding, which was owned by Galloway and driven by McCurry, with a truck owned by the Kentucky-Virginia Stone Company and driven by Lon Lambert; that these two trucks collided as a result of "the mutual and concurrent negligence of the defendants, and each of them," in that Galloway's truck was being operated on the public highway at a negligent and unlawful speed, and the Stone Company's truck was negligently and unlawfully parked upon said highway.

Upon a petition for removal to the Federal Court on the ground of diversity of citizenship and separable controversy, the plaintiff is entitled to have his cause of action considered as stated in the complaint. It is obvious that the complaint under consideration alleges a cause of action based upon the joint and concurrent negligence of both resident and nonresident tort-feasors. This case is governed by *Rucker v. Snider Bros.,* 210 N. C., 777, and the petition for removal was properly denied.

Affirmed.