G. B. LACKEY v. SOUTHERN RAILWAY COMPANY, J. B. ROBINSON AND COCA-COLA BOTTLING COMPANY OF ASHEVILLE, INC.

(Filed 26 February, 1941.)

**1. Torts § 6—**

When a defendant in a negligent injury action files answer denying negligence but alleging that if it were negligent a third party was also guilty of negligence which concurred in causing the injury in suit, and demands affirmative relief against such third person, he is entitled to have such third person joined as a codefendant under C. S., 618, as amended

by ch. 68, Public Laws of 1929. Whether the statute is applicable to an action brought under the Federal Employers' Liability Act, *quære*.

**2. Indemnity § 4—**

No cause of action can accrue on a contract of strict indemnity until after liability of the indemnitee to a third person on a matter within the purview of the agreement has been established, and loss to the indemnitee has been made absolute and certain, and the indemnitor fails to indemnify the indemnitee in accordance with the agreement.

**3. Removal of Causes § 4a—Complaint determines separability of action regardless of allegations in cross action set up by original defendant against alleged joint tort-feasor.**

Plaintiff instituted this action under the Federal Employers' Liability Act to recover for injuries sustained when he hit a structure maintained in close proximity to the track while engaged in the performance of his duties on the train, alleging negligent failure on the part of the defendant to provide a reasonably safe place to work. Defendant denied negligence but alleged that if it were guilty of negligence, the company owning the structure was also guilty of negligence which concurred in producing the injury, and that the owner of the structure had executed a contract indemnifying the railroad company from liability in regard thereto, and the owner of the structure was made a party defendant under C. S., 618, as amended. The owner of the structure then moved for a removal to the Federal Court on the ground of the separability of the action and diversity of citizenship. *Held:* The question of separability will be determined from the allegations of the complaint irrespective of the allegations in the cross action, and the fact that the cross action improperly joins an action on the indemnity agreement and fails to state a good cause of action thereon, cannot be asserted by the codefendant as the basis of its contention of separability, and the codefendant's motion to remove is properly denied.

APPEAL by defendant Coca-Cola Bottling Company of Asheville, Inc., from *Alley, J.,* 27 December, 1940, of SWAIN. Affirmed.

*Jordan & Horner for Coca-Cola Bottling Company of Asheville, Inc., defendant, appellant.*
*Edwards & Leatherwood for plaintiff, appellee.*

SEAWELL, J. Plaintiff's action was brought under the Federal Employers' Liability Act (sections 51 to 59, Title 45, U. S. C. A.), and the complaint sets up the cause of action against the Southern Railway Company, the sole defendant brought in by plaintiff's process, arising out of the negligence of the defendant in failing to provide for plaintiff, its employee, a safe place in which to work, and for other negligence of the employer. The negligence alleged was the maintenance of a structure belonging to the Coca-Cola Bottling Company of Asheville, Inc., in such close proximity to the railroad track as to constitute a source of danger to the employees in passing the said structure, which seriously

injured the plaintiff in the performance of the duties required of him as a brakeman, as the train upon which he was riding brought him into collision with the structure. The Railroad Company denied its negligence, set up a contract of indemnity executed by the Coca-Cola Bottling Company, and alleged that if it was negligent in producing the injury the Coca-Cola Bottling Company was also negligent, and asked that this company be brought in as a joint tort-feasor under the 1929 Amendment to C. S., 618. This was done without exception from the plaintiff.

Thereupon, the Coca-Cola Bottling Company filed a petition and moved for the removal of the cause to the Federal Court on the ground of disparity of citizenship and separability of the action. This defendant is a Delaware corporation. The motion was denied in the court below and the defendant appealed to this Court.

The 1929 Amendment to C. S., 618—chapter 68, Public Laws of 1929—permits a proceeding in which a defendant sued in tort may bring into the case a joint tort-feasor, and defendants may litigate mutual contingent liabilities before they have accrued. The question whether such a proceeding is applicable to an action brought under the Federal Employers' Liability Act has been permitted to go by default.

Upon a motion to remove a cause from the State to the Federal Court on the ground of diversity of citizenship and separability of the action, the test of separability lies in the complaint and the statement of the action therein found. *Burleson v. Snipes,* 211 N. C., 396, 190 S. E., 220; *Rucker v. Snider Bros., Inc.,* 210 N. C., 777, 188 S. E., 405; *Trust Co. v. R. R.,* 209 N. C., 304, 183 S. E., 620; *Hood v. Richardson,* 208 N. C., 321, 180 S. E., 706; *Timber Co. v. Insurance Co.,* 190 N. C., 801, 130 S. E., 864.

The Court has found the rule to apply where a joint tort-feasor has been brought in under C. S., 618, *supra; Mangum v. R. R.,* 210 N. C., 134, 185 S. E., 644. This is regardless of the suggested cross action between the defendants thus brought in.

The appealing defendant claims, however, that it has been brought into the case unwillingly by virtue of a contract of indemnity which it had executed to the Railroad Company, and which is set out in full in the answer of that defendant, and claims that this takes the present case out from under the rule in *Mangum v. R. R., supra.* The cross action thus originating supplied the conditions of separability.

To illustrate the necessity and fairness of the rule that separability must be tested by the complaint, we have the defendant Coca-Cola Bottling Company brought into the case by the Southern Railway Company, original defendant, both under the statute—C. S., 618—and by reason of this contract of indemnity, upon which the Railroad Company seeks to recover against the new defendant. Examining the contract, we find

it one of strict indemnity and no provision of the contract has been breached, nor, indeed, is there any allegation that it has been breached in that part of the answer referring to the contract. It is also significant that the answer does not specifically ask for relief with respect to the contract. Therefore, no cause of action has accrued thereon against the indemnitor and in favor of the indemnitee. *Hilliard v. Newberry,* 153 N. C., 104, 68 S. E., 1056; *Reynolds v. Magness,* 24 N. C., 26; *Robinson v. Connell,* 240 Pa., 96, 87 A., 300; *Schwartz & Co., Inc., v. Aimwell Co., Inc.,* 227 N. Y., 184, 124 N. E., 892. The Coca-Cola Bottling Company preferred to remove the case to the Federal Court, rather than release itself by demurrer, although it claims to be a defendant here *in invitum.*

It is also true that plaintiff has made no motion with respect to the injection into his case of the irrelevant controversy.

There is a question here how far the Court may go on a motion to remove the cause to another jurisdiction in taking notice of the fact that the suggested separable cause involving the cross action on which removability is mainly predicated has been improperly joined in the answer and states no cause of action. We believe it to be consonant with a proper interpretation of the Federal Act relating to the removal of causes, and certainly consistent with its purposes, to apply the rule above laid down and refer the question of separability to the statement of the cause of action made in the complaint. Judged by that standard, it is not contended by the defendants that a separable action is involved. *Mangum v. R. R., supra.*

The appealing defendant admits, and we think properly, that if it is brought in solely by virtue of C. S., 618, the case is governed by the adverse ruling in the *Mangum case, supra.* That rule is applied with some positiveness to the facts in that case, although it was the original defendant which sought removal. We think the principle remains the same.

We find quoted with approval in that case the following from *Powers v. Chesapeake & Ohio Railway Co., 169* U. S., 97: "The cause of action is the subject matter of the controversy, and that is for all the purposes of the suit whatever the plaintiff declares it to be in his pleadings."

It is, of course, true that if the plaintiff goes outside of the Federal Employers' Liability Act and states a separable cause of action, it may be removed, and several of the authorities cited to us by defendant are subject to that limitation.

Jurisdiction has been given the State courts to entertain actions arising under the Federal Employers' Liability Act because of the convenience and economy thus afforded suitors, and the Act expressly forbids removal. The rationale of this provision is given in *Southern Rail-*

*way* *v.* *Lloyd,* 239 U. S. (Sup. Ct.), p. 496: "The Act of 1910 (see Section 56 of Title 45, Railroads) expressly gives jurisdiction to the State Court, and provides that no case arising under its provisions, brought in a State Court of competent jurisdiction, shall be removed to any Court of the United States. Section 28 of the Judicial Code, 36 Statutes 1087, See 231 (this section) contains a like provision, and expressly provides that no case arising under the Employers' Liability Act or any amendment thereto, brought in a State Court of competent jurisdiction, shall be removed to any Court of the United States." *Hulac v. Chicago, etc., Ry. Co.,* 194 F., 747.

Whether there may be instances in which the Federal statute providing for removal of causes must prevail over this prohibition, we do not need to inquire. We hold that the present case is not removable.

The judgment of the court below is

Affirmed.