GEORGE W. SMITH v. McDOWELL FURNITURE COMPANY, A CORPORATION, WILLIAM E. STEVENS, TRUSTEE IN BANKRUPTCY OF McDOWELL FURNITURE COMPANY, AND J. H. L. MILLER AND FRED C. MORRIS, PARTNERS, TRADING AS BUILDERS SUPPLY COMPANY, A PARTNERSHIP.

(Filed 8 October, 1941.)

1. Removal of Causes § 4a—

In determining the question of separability, the allegations of the complaint control, and when the complaint states a cause of action against defendants as joint tort-feasors the motion of the nonresident defendant to remove to the Federal Court on the ground of diversity of citizenship and separable controversy must be denied.

2. Torts § 4—

In law the term "joint tort-feasors" includes those who commit separate wrongs without concert of action or unity of purpose, when the separate wrongs are concurrent as to time and place and unite in setting in operation a single, dangerous and destructive force which produces a single and indivisible injury, and plaintiff may consistently and properly join such joint tort-feasors as defendants in one action.

3. Removal of Causes § 4a—Complaint held to allege cause of action against defendants as joint tort-feasors, and cause is not separable.

A complaint alleging that one defendant maintained a pipe over and across a street through which it forced steam, forming a blanket of fog or steam in the street, that plaintiff, while operating his car along the street, suddenly ran into this bank of fog or vapor which completely blinded him, that at the same time the agent of the other defendants was driving a car in the opposite direction along the street in a careless and reckless manner and that owing to plaintiff's inability to see because of the steam vapor and owing to the high rate of speed and reckless manner in which the other car was being driven, a collision occurred, proximately causing serious personal injury to plaintiff, and that the wrongful acts of

the defendants concurred in causing such injury, *is held* to state a cause of action against defendants as joint tort-feasors and the cause alleged is not separable.

APPEAL by defendant McDowell Furniture Company from *Gwyn, J.,* at June Term, 1941, of McDOWELL. Affirmed.

Petition for removal to United States District Court by defendant McDowell Furniture Company on the grounds of diversity of citizenship and separable controversy.

Plaintiff instituted this action to recover damages for personal injuries. It is alleged in the complaint, in substance, that the defendant, in the operation of its plant in Marion, N. C., maintains a steam pipe line leading from the boiler to the large radiators located in the building, thence through the wall to the western margin of Henderson Street and that while its plant is in operation steam or vapor is forced through the pipe over and across Henderson Street, forming a blanket of fog or steam in the street; that plaintiff was operating an automobile along Henderson Street and suddenly ran into this bank of steam or vapor which completely blinded him; that at the same time the agent of the other defendants was operating an automobile on Henderson Street in a reckless and careless manner and at a high rate of speed, going in the opposite direction; that owing to his inability to see due to the steam vapors and the high rate of speed and reckless manner in which the other automobile was being operated a collision occurred, proximately causing serious personal injuries to him; and that the said wrongful acts of said defendants concurred in causing such injuries.

Defendant made a special appearance and moved to dismiss. The motion was denied and the defendant gave notice of appeal and obtained an extension of time within which to serve case on appeal, but the appeal was not perfected. Thereafter, and within the time to answer, defendant filed petition to remove to the Federal Court. The clerk denied the petition and the defendant appealed.

When the appeal from the clerk came on to be heard before the judge below he concluded that the complaint did not state a separable cause of action. For that and other reasons set forth in the judgment the order of the clerk was affirmed and the petition was denied. Defendant McDowell Furniture Company excepted and appealed.

*G. F. Washburn and P. J. Story for plaintiff, appellee.*
*Heazel, Shuford & Hartshorn for appellant McDowell Furniture Company.*

BARNHILL, J. The motion to remove is based on the allegation of diversity of citizenship and separable controversy. The diversity of

citizenship is not controverted. Does the complaint state a separable cause of action? This is the primary question presented.

The test of separability lies in the complaint and the cause of action therein stated. If the cause of action, as stated, is not separable the motion must be denied. *Lackey v. R. R.,* 219 N. C., 195; *Burleson v. Snipes,* 211 N. C., 396, 190 S. E., 220; *Rucker v. Snider Bros., Inc.,* 210 N. C., 777, 188 S. E., 405; *Trust Co. v. R. R.,* 209 N. C., 304, 183 S. E., 620; *Hood v. Richardson,* 208 N. C., 321, 180 S. E., 706; *Newberry v. Fertilizer Co.,* 202 N. C., 416, 163 S. E., 116; *Brown v. R. R.,* 204 N. C., 25, 167 S. E., 409; *Fenner v. Cedar Works,* 191 N. C., 207, 131 S. E., 625; *Timber Co. v. Ins. Co.,* 190 N. C., 801, 130 S. E., 864.

A plaintiff may sue joint tort-feasors in one action and he has the right to have the cause tried as for a joint tort, and in such case no separable controversy exists. *White v. R. R.,* 146 N. C., 340; *Crisp v. Lumber Co.,* 189 N. C., 733, 128 S. E., 146; *R. R. v. Miller,* 217 U. S., 209; *R. R. v. Thompson,* 200 U. S., 206. "Defendant has no right to say that an action shall be several which a plaintiff elects to make joint." *Powers v. R. R. Co.,* 169 U. S., 92, 42 L. Ed., 673; *Crisp v. Lumber Co., supra.*

In law the term "joint tort-feasors" includes those who commit separate wrongs without concert of action or unity of purpose, when the separate wrongs are concurrent as to time and place and unite in setting in operation a single, dangerous and destructive force which produces a single and indivisible injury. *Bost v. Metcalfe,* 219 N. C., 607; *Moses v. Morganton,* 192 N. C., 102, 133 S. E., 421; *Rucker v. Snider Bros., supra,* 26 R. C. L., 746; Cooley on Torts (3rd), 246.

The well established and familiar rule that a plaintiff may consistently and properly join as defendants in one complaint several joint tort-feasors applies where different persons, by related and concurring acts, have united in producing a single or common result upon which the action is based. *Bost v. Metcalfe, supra; Rucker v. Snider Bros., supra.*

Applying these principles to the facts alleged in the complaint we concur in the conclusion of the court below that the complaint does not allege a separable cause of action. Under the allegations of the complaint neither act alone caused the injury complained of. It was the concurrence of such acts in time and place which inflicted a single and indivisible injury. If the plaintiff prevails the liability of the defendants cannot be apportioned. Each is liable for all the resulting injuries.

As in no event is the cause removable, we need not discuss other questions presented.

The judgment below is

Affirmed.